**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

EVELYN N. MCBRIDE,
                              Plaintiff,
v.                                          Case No. 06-2535-JWL-GLR

MEDICALODGES, INC.,
                              Defendant.

_____

DOROTHY ANN JOYNER,
                              Plaintiff,
v.                                          Case No. 06-2536-JWL-GLR

MEDICALODGES, INC.,
                              Defendant.

_____

TONETTE R. EALY,
                              Plaintiff,
v.                                          Case No. 06-2538-JWL-GLR

MEDICALODGES, INC.,
                              Defendant.

_____

**MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**
**REGARDING PLAINTIFFS' "NOTICE OF VIDEOTAPE DEPOSITION**
**PURSUANT TO FED. R. CIV. P. 30(b)(6)"**

COMES NOW Defendant Medicalodges, Inc., by and through its counsel of record, and submits this Memorandum in Support of its Motion for Protective Order. Pursuant to Fed. R. Civ. P. 26(c), Defendant requests the Court limit the matters about which Plaintiffs seek to depose Defendant's corporate representative.

**INTRODUCTION**

On January 4, 2007, Plaintiffs filed their amended "Notice of Videotape Deposition Pursuant to Fed. R. Civ. P. 30(b)(6)." Plaintiffs' Notice asks Defendant to

designate corporate representatives to testify regarding 52 topics.   Twenty-seven of Plaintiffs' topics contain no geographic limitation and ask a company with over 37 facilities in four different states to provide company-wide discovery.   Thirty-four of Plaintiffs' topics contain no temporal limitation and seek 47 years' worth of information, dating back to 1961, regarding Defendant's affairs.   Much of the testimony sought by Plaintiffs is irrelevant.   Eight of the topics require Defendant to disclose information protected by the attorney/client privilege and/or work product doctrines.   Defendant respectfully requests a protective order which limits the scope of Plaintiffs' 30(b)(6) notice to relevant, non-privilege topics within reasonable geographic and temporal parameters.

## ARGUMENTS AND AUTHORITIES

**I.      Plaintiffs' 30(b)(6) Topics are Overly Broad in Geographic Scope**

Plaintiffs' 30(b)(6) Notice contains numerous topics with an unlimited geographic scope.   Defendant is a healthcare provider that maintains over 37 healthcare facilities in four different states which are managed by different individuals.   Plaintiffs' claims arise out of Medicalodges East, a single healthcare facility owned by Defendant near Kansas City, Kansas.   The individuals who manage(d) Medicalodges East are different than the individuals who manage(d) Defendant's other facilities.   Plaintiffs' topics which lack a geographic scope are geographically overly broad.   *See Azimi v. United Parcel Service, Inc.,* Case No. 06-2114-KHV (D. Kan., July 9, 2007) (*quoting Owens v. Sprint/United Management Co.,* 221 F.R.D. 649, 653 (D. Kan. 2004) ("In non-class action employment discrimination cases, the standard for determining the geographic scope of discovery focuses on 'the source of the complained of discrimination – the employing unit or work unit.'"); *Haselhorst v. Wal-Mart Stores, Inc.*, 163 F.R.D. 10, 11 (D. Kan. 1995) ("In

employment discrimination cases, discovery is usually limited to information about employees in the same department or office absent a showing of a more particularized need for, and the likely relevance of, broader information."); *Gheesling v. Chater*, 162 F.R.D. 649, 650 (D. Kan. 1995) (same); *Miller v. Yuasa-Exide, Inc.*, No. 94-1307-MLB, 1995 WL 606807, at *1 (D. Kan. 1995) (same).

When a discovery request is overly broad on its face, the party seeking discovery has the burden of showing the relevancy of the discovery request. *Owens,* 221 F.R.D. at 652. Plaintiffs cannot meet their relevancy burden regarding the following topics set forth in their 30(b)(6) Notice which contain no geographic limitations and seek information on a company-wide scale: **3, 5-9, 12, 13, 17-19, 22-23, 29, 31-35, 37-39, 42, and 44-47**.

## II.     Plaintiffs' 30(b)(6) Topics are Overly Broad in Temporal Scope.

Plaintiffs' 30(b)(6) Notice contains numerous topics with an unlimited temporal scope. Defendant has provided long-term healthcare to elderly residents for over 45 years, since 1961. Plaintiffs' topics lack a temporal scope, seek 47 years' worth of information, and are temporally overly broad. This District routinely requires discovery requests to contain a reasonable temporal scope. *Owens*, 221 F.R.D. at 655 (setting temporal scope at two and a half years prior to discriminatory conduct); *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 212 (D. Kan. 2002) (three years prior to alleged conduct and two years after conduct relevant); *Long v. Landvest Corp.*, No. 04-2025-CM, 2006 WL 897612, *7-8 (D. Kan. Mar. 31, 2006) (ten-year and five-year temporal scope for discovery requests was overbroad).

Plaintiffs cannot meet their relevancy burden regarding the following topics set forth in their 30(b)(6) Notice which contain no temporal limitations and seek over 47 years' worth of information: **3, 5, 6-9, 12, 13, 15, 17-20, 22-29, 31-33, 35, 37-39, 41, 42, and 44-47**.

**III.     Topic No. 11 is Vague and Ambiguous.**

Topic No. 11 purports to attach as "Exhibit A" a letter which is necessary for interpretation of the topic.  However, Plaintiffs' 30(b)(6) Notice fails to attach any letter. Defendant cannot evaluate Topic No. 11 without the Exhibit which provides its substance.  Topic No. 11 is impossible to interpret, is vague and ambiguous, and is insufficient to allow Defendant to designate a witness to testify about it.

**IV.     Topic Nos. 10, 11, 14, 43, 48, and 50-52 Seek Information Protected by the Attorney/Client Privilege and/or Work Product Doctrine.**

Topics Nos. 10, 11, 14, 43, 48, 50-52 seek information regarding the efforts of Defendant's counsel and Defendant's internal legal department in compiling certain information which has *or has not yet* been requested during discovery of this lawsuit.  In instances where the information has already been requested or produced during discovery (*see* Topic Nos. 10, 43, 50, and 52), Defendant's internal legal department compiled the information at the request of Defendant's counsel.

The practice of deposing an opposing parties' attorneys should be limited to instances where the information is "crucial to the preparation of the case."  *Shelton v. American Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir. 1986); *Boughton v. Cotter Corp.,* 65 F.3d 823, 830 (10th Cir. 1995) (approving the *Shelton* criteria).  *Shelton* explained why the practice of deposing an opposing party's attorneys should be limited:

> Undoubtedly, counsel's task in preparing for trial would be much easier if he could dispense with interrogatories, document requests, and depositions

of lay persons, and simply depose opposing counsel in an attempt to identify the information that opposing counsel has decided is relevant and important to his legal theories and strategy. The practice of forcing trial counsel to testify as a witness, however, has long been discouraged, and recognized as disrupting the adversarial nature of our judicial system. Taking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation. It is not hard to imagine additional pretrial delays to resolve work-product and attorney-client objections, as well as delays to resolve collateral issues raised by the attorney's testimony.  Finally, the practice of deposing opposing counsel detracts from the quality of client representation. Counsel should be free to devote his or her time and efforts to preparing the client's case without fear of being interrogated by his or her opponent. Moreover, the 'chilling effect' that such practice will have on the truthful communications from the client to the attorney is obvious.

*Shelton,* 805 F.2d at 1327.

Plaintiffs cannot establish a "crucial need" to depose Defendant's attorneys regarding their efforts to compile information during discovery in this lawsuit.  Plaintiffs seek information protected by the attorney/client privilege and/or work product doctrines.  Defendant respectfully requests a protective order.

**V.    Plaintiffs Fail to Meet Their Burden of Establishing the Relevancy of 30(b)(6) Topics.**

When the relevancy of a discovery request is not readily apparent, the party seeking discovery has the burden of showing the relevancy of the discovery request. *Pulsecard, Inc. v. Discover Card Services,* 168 F.R.D. 295, 309 (D. Kan. 1996); *Williams v. Sprint / United Management Co.,* 221 F.R.D. 649, 652 (D. Kan. 2004).  Topic Nos. 6 and 7 seek testimony relating to labor unions at Defendant's facilities.  None of Plaintiffs' claims relate to unionizing and Plaintiffs fail to meet their burden of establishing the relevancy of these topics.  Because Plaintiffs cannot establish the relevancy of Topic Nos. **6 and 7**, Defendant's motion for protective order should be granted.

4811-0791-8594.1                                     5

## CONCLUSION

WHEREFORE, for the reasons stated herein, Defendant respectfully requests the Court grant its Motion for Protective Order.

Respectfully submitted,

s/ Jason D. Stitt                    1/8/08
Alan L. Rupe                         #08914
S. Douglas Mackay                    #16788
Jason D. Stitt                       #22216
KUTAK ROCK LLP
8301 E. 21st Street, Suite 370
Wichita, Kansas  67206
(316) 609-7900 (Telephone)
(316) 630-8021 (Facsimile)
alan.rupe@kutakrock.com
doug.mackay@kutakrock.com
jason.stitt@kutakrock.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 8, 2008, I electronically transmitted the following document via the CM/ECF system to the Clerk of the District Court, which will send a notice of electronic filing to the following:

Mark Sanderson
5925 Beverly
Mission, KS 66202
mark@sandersonlawoffice.com

Michaela Warden
5925 Beverly
Mission, KS 66202
mmwarden@kc.rr.com

*Attorneys for Plaintiff*

| s/ Jason D. Stitt | 1/8/08 |
|---|---|
| Jason D. Stitt | #22216 |