**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

EVELYNE C. MCBRIDE,

                Plaintiff,

v.                                           Case No. 06-2535- JWL-GLR

MEDICALODGES, INC.,

                Defendant.
_____

DOROTHY ANN JOYNER,

                Plaintiff,

v.                                           Case No. 06-2536- JWL-GLR

MEDICALODGES, INC.,

                Defendant.
_____

TONETTE R. EALY,

                Plaintiff,

v.                                           Case No. 06-2538- JWL-GLR

MEDICALODGES, INC.,

                Defendant.

**MEMORANDUM AND ORDER**

      Pending before the Court is Plaintiffs' Motion to Compel (doc. 76). Since Plaintiffs filed their motion, the parties were able to resolve their disputes with regard to many of the discovery requests and interrogatories identified in the motion to compel. Plaintiff's Reply (doc. 111) identifies the following discovery requests and interrogatories remaining in dispute:

- Plaintiffs' First Request for Production Nos. 3-5, and 10;[1]

- Plaintiffs' Second Request for Production Nos. 52, 55, 57, and 72-73;

- Plaintiffs' common First Set of Interrogatories Nos. 2, 10, and 12;

- Plaintiff Ealy's First Set of Interrogatories No. 16;[2]

- Plaintiff Joyner's Second Interrogatories Nos. 16-18; and

- Plaintiff McBride's Second Interrogatories No. 15.

## I. Background Facts

Plaintiffs allege they suffered harassment and discrimination because of their race and gender and that Defendant employer retaliated against them after they complained. Plaintiff McBride also claims age discrimination and wrongful termination of her employment for reporting various alleged violations. The Court has consolidated for pretrial proceedings the separate cases of the three Plaintiffs.

## II. Duty to Confer

Defendant contends the motion should be denied based upon Plaintiffs' failure to properly confer, as required by Federal Rule of Civil Procedure 37(a)(1) and D. Kan. Rule 37.2. Defendant argues that the parties had already resolved discovery disputes before Plaintiffs filed their motion to compel. Plaintiffs assert that their attorney attempted to engage defense counsel in meaningful

---

[1] Plaintiffs' Reply includes argument as to Request Nos. 11 and 12, but these Requests were not included in Plaintiffs' Motion to Compel. The Court will therefore exclude them from consideration as being first asserted in the Reply.

[2] Although the last page of Plaintiffs' Reply states that Plaintiffs are not restating their arguments to Ealy Interrogatory No. *15*, it is apparent that Plaintiffs are actually referring to Ealy Interrogatory No. *16* as footnote 7 of the Reply states that Plaintiffs are withdrawing their motion to compel as to Plaintiff Ealy's Interrogatory Nos. 14 and *15*.

dialogue on discovery disputes for over two months, before they filed their motion to compel. The Court has reviewed Plaintiffs' Certificate of Compliance (doc. 77), including attachments, and finds that Plaintiffs have satisfied their duty to confer.

### III. Requests for Production at Issue

#### A. First Request Nos. 3-5

Plaintiffs' First Request for Production Nos. 3-5 seek "[a]ll documents relating to, referencing, mentioning, or referring to any aspect of" Plaintiffs' racial and sexual harassment and/or discrimination complaint (No. 3), charge of discrimination (No. 4), and retaliation complaints (No. 5), "but not limited to, all documents involving Plaintiffs' complaints, Defendant's investigation, witness statements, conclusions of any investigation, findings and/or discipline of anyone regarding such matters."

Defendant initially objected to these requests as overly broad and unduly burdensome on their face because of the requests' use of omnibus terms such as "relating to" to qualify an unlimited range of documents. Subject to its objections, Defendant states it has produced all documents in its possession responsive to Request Nos. 3 and 4. It provided no documents responsive to Request No. 5 because the request falsely assumes that Plaintiffs complained about retaliation. On January 4, 2008, after Plaintiffs filed their motion to compel, Defendant served its Supplemental Responses to Request Nos. 3-5. Defendant states in its response brief that in conjunction with its initial response to Request Nos. 3-5, it has produced all responsive documents in its possession.

Courts in the District of Kansas have held on numerous occasions that a request or interrogatory is unduly burdensome on its face if it uses the omnibus term "relating to" or

"regarding" with respect to a general category or group of documents.[3] Courts often ask whether the wording "requires the answering party to 'engage in mental gymnastics to determine what information may or may not be remotely responsive.'"[4][5] The Court finds that Plaintiffs' use of the vague term "relating to" in their requests would require Defendant to engage in mental gymnastics to determine what documents may or may not be responsive. Defendant's objection to the requests' "relating to" language is therefore sustained. The requests, however, also seek documents "referencing, mentioning, or referring to" the alleged discrimination and harassment. This language does not require mental gymnastics to determine what documents are responsive. It is those documents that reference, mention or refer to the alleged discrimination and harassment at issue in this case. Defendant therefore shall produce all documents "referencing, mentioning, or referring to" Plaintiffs' racial and sexual harassment, discrimination complaints, charges of discrimination, and retaliation complaints, if any. If Defendant has produced all such documents, it shall state this in its supplemental responses. The Court thus sustains in part and overrules in part the motion to compel First Request Nos. 3-5.

### B.   First Request No. 10

Plaintiffs' First Request No. 10 seeks the complete employment and human resource records for Mary Barr. Defendant objects to the request as seeking irrelevant information and served only for harassment. Defendant contends the personnel file of Ms. Barr is not discoverable, as she is the

---

[3] *Moss v. Blue Cross & Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 689 (D. Kan. 2007); *Aikens v. Deluxe Fin. Servs.,* 217 F.R.D. 533, 537-38 (D. Kan. 2003); *Audiotext Commc'ns Network, Inc. v. U.S. Telecom, Inc.*, No. 94-2395-GTV, 1995 WL 18759 (D. Kan. Jan. 17, 1995).

[4] *Aikens*, 217 F.R.D. at 537-38.

[5] *Id.*

Director of Nursing at a facility where Plaintiffs did not work and from which these lawsuits did not arise. Plaintiffs argue relevancy upon the grounds Ms. Barr not only worked alongside the employee who allegedly harassed Plaintiffs at the Medicalodges' facility, but was also his peer. The employee who allegedly harassed Plaintiffs testified at his deposition that he would often seek her advice and counsel. Plaintiffs further argue that the employment and human resource records of Ms. Barr are relevant because she was a decision-maker under the same regional manager as the employee who allegedly harassed Plaintiffs.

In employment discrimination cases, the personnel file of a person is relevant and/or reasonably calculated to lead to the discovery of admissible evidence, and therefore discoverable, "if the individual is alleged to have engaged in the retaliation or discrimination at issue or to have played an important role in the decision or incident that gives rise to the lawsuit."[6] Disclosure of an individual's personnel file is not justified, however, merely because that individual may be called as a witness at trial.[7]

Plaintiffs have not met their burden to establish the relevancy of the personnel file sought by Request No. 10. They have not shown that Mary Barr engaged in the retaliation or discrimination at issue or played an important role in the decisions or incidents that gave rise to their lawsuits. Although Ms. Barr may have known and had some peer relationship with the alleged harasser and was supervised by a common supervisor, the Court finds nothing that adequately establishes the relevancy of her personnel file. Plaintiffs' motion to compel Request No. 10 is overruled.

**C.     Second Request No. 52**

---

[6] *Jones v. Wet Seal Retail, Inc.,* 245 F.R.D. 724, 726 (D. Kan. 2007).

[7] *Id.*

Plaintiffs' Second Request for Production No. 52 seeks:

All records documenting tenants at the residence owned by Defendant, which was located on the grounds of Medicalodge East and where Shawn Garbin and his family lived during part of his employment. Your response should include leases, if any, and documentation of rent paid or deducted from employee compensation or other documents showing tax treatment of such rental amounts.

Defendant states that it has already produced documents relating to Garbin's occupancy of the residence located near Medicalodges East. It objects to Plaintiffs' additional request for all records documenting other tenants at the residence as seeking irrelevant information.

Plaintiffs argue that, in addition to documents relating to Garbin's occupancy, the request seeks production of all current and historical documents depicting the use of the property by Defendant before, during, and after the Garbin's occupancy. Plaintiffs maintain they are entitled to documents showing use and maintenance of this residence by Defendant, including any lease agreements it may have had with its agents and past and present tenants or occupants, as well as its records of rents paid or deducted from employee compensation or other documents showing tax treatment of such rental amounts.

The Court finds that Plaintiffs have not met their burden to show relevancy of all the documents sought by Request No. 52. Plaintiffs have shown that records related to Garbin's occupancy are relevant. Defendant has indicated it has produced those documents. Plaintiffs have not sufficiently shown the relevance of records documenting other tenants for all current and historical documents depicting use of the property by Defendant before, during, and after the Garbin's occupancy. The Court overrules Plaintiffs' motion to compel Request No. 52.

### D.    Request Nos. 55 and 57

Request No. 55 seeks "[a]ll documents generated by or sent to the company (identified in

Joyner Interrogatory 15) including but not limited to, purchase orders, invoices, cancelled checks, telephone messages, audio recordings, emails, etc." Request 57 asks Defendant to produce "[a]ll documentation of anything ever ordered by Plaintiff Dorothy Joyner while she was employed by Defendant." Defendant states in its response brief that it has produced all responsive documents. Plaintiffs state in their reply brief that Defendant has not yet produced documents in response to 55 and 57. If it has not already done so, Defendant shall produce all documents responsive to Requests 55 and 57. The Court thus sustains Plaintiffs' motion to compel production of documents sought by Requests 55 and 57.

### E. Request Nos. 72-73

Request Nos. 72 and 73 ask Defendant to produce documents that it has used to prevent and promptly correct race and sex discrimination or harassment in the work place during the last seven years. Defendant initially objected to the request as temporally and geographically overly broad and unduly burdensome and seeking irrelevant information. Subject to its objections, it produced three employee manuals. It later produced its employment law postings and informed Plaintiffs that no training manual exists.

Plaintiffs indicate in their reply that Defendant continues to maintain that any training or instruction given outside of its Kansas City, Kansas, facility is irrelevant and that the request is geographically overly broad. Plaintiffs argue that the request is not overly broad because the supervisor of the employee who allegedly harassed them received some of her training through Defendant's corporate office in Coffeyville, Kansas. They further state that Defendant had one Corporate Compliance Committee, operated one employee hotline, and had one human resource manager at the corporate level.

The Court overrules the objections against temporal and geographic scope and relevance. Defendant has not supported any of its objections. Plaintiffs have pointed to discovery that suggests that Defendant's proposed geographic limitation is too narrow. The Court sustains the motion to compel production of documents responsive to Requests 72-73. Defendant shall produce all documents responsive to these requests.

## IV. Interrogatories at Issue

### A. Interrogatory No. 2

Interrogatory No. 2 seeks the identities of "each and every individual responsible for implementing, adopting, or supervising Defendant's equal employment opportunity practices . . . during the entire time Plaintiff has worked for Defendant." It also seeks documents relative to that process. In its initial response, Defendant objected that the interrogatory was unduly burdensome to the extent it is unlimited in geographic and temporal scope. It nevertheless identified responsive documents which identified its employees responsible for implementing, adopting, or supervising its policies. Plaintiffs were not satisfied with the response and argued that Defendant failed to adequately identify employees. Defendant thereafter agreed to identify the Directors of Nursing and Administrators at Medicalodges East from 2002 to present, and individuals above the Administrator on its chain of command who are responsible for implementing, adopting, or supervising its equal employment opportunity practices. Defendant served its supplemental answer to the interrogatory on December 27, 2007.

Plaintiffs ask that Defendant be compelled to further supplement its answer to Interrogatory No. 2. They contend that Defendant supplemented the answer only as to the Medicalodges East facility. They seek an answer not limited to Medicalodges East, but to include all of its facilities

within the state of Kansas.

The Court declines to compel Defendant to expand the scope of its supplemental answer to Interrogatory No. 2. It has identified the Directors of Nursing and Administrators at Medicalodges East from 2002 to present, and individuals above the Administrator on its chain of command who are responsible for implementing, adopting, or supervising its equal employment opportunity practices. Defendant has adequately answered the interrogatory. The Court overrules the motion to compel further response to Interrogatory No. 2.

### B. Interrogatory No. 10

Interrogatory No. 10 asks Defendant to explain what discrimination training its employees received from January 2000 to present on a company-wide scale. Defendant objected to Interrogatory No. 10 on the basis of geographic overbreadth. Subject to its objection and within its initial response, Defendant explained the discrimination training it provided to its employees. Defendant states in its response that it will produce to Plaintiffs the acknowledgments and attendance logs relating to training programs attended by Medicalodges East employees.

The Court overrules the motion to compel further response to Interrogatory No. 10. Defendant has adequately answered the interrogatory. If it has not already done so, Defendant shall produce the related documents that it has agreed to produce, i.e., acknowledgments and attendance logs for Medicalodges East employees.

### C. Interrogatory No. 12

Interrogatory No. 12 asks Defendant to "identify each person who provided any information in answering these interrogatories (other than counsel for Defendant)." It further seeks the individual's title or representative capacity with Defendant and the identity of all documents

reviewed by each individual. Defendant answered the interrogatory, "N/A."

The Court sustains the motion to compel further response to Interrogatory No. 12. "N/A" provides no adequate response to an interrogatory. If no one other than defense counsel provided information to answer these interrogatories, then Defendant should state that in its supplemental answer to Interrogatory No. 12.

### D.     Ealy First Interrogatory No. 16

Plaintiff Ealy's First Interrogatory No. 16 asks Defendant to "state with particularity the location of every poster or posting displayed in Medicalodges East during the period January 1, 2000 through the present." Defendant states in its response brief that it informed opposing counsel that one or more postings were located on the bulletin board near the employee time clock at Medicalodges East. It has supplemented its interrogatory response with this information. The Court finds that Defendant has adequately answered the interrogatory. The Court overrules the motion to compel Ealy First Interrogatory No. 16.

### E.     Joyner Second Interrogatory Nos. 16-18

Joyner Second Interrogatory Nos. 16, 17, and 18 respectively seek the identity of all individuals who voiced or wrote down any complaints about the work performance or conduct of Shawn Garbin, Julie Melvin, and Cindy Frakes. Defendant objected to these interrogatories as overly broad, unduly burdensome, and seeking irrelevant information. In Interrogatory No. 16, Defendant refers Plaintiffs to the documents it produced in response to Request No. 11. Defendant likewise refers Plaintiffs to the documents it produced in response to Request No. 12 in its answer to Interrogatory No. 17. Defendant does not refer Plaintiffs to any documents for Interrogatory No. 18, but states in its response brief that it intends to supplement its response to refer Plaintiffs to

Cindy Frakes personnel file.

Defendant states that it has identified documents pursuant to Fed. R. Civ. P. 33(d) from which Plaintiffs may ascertain which individuals complained about the work performance or conduct of the three named individuals. Defendant maintains that its response is sufficient.

A party may satisfy its duty under Rule 33 through the production of documents in one of two ways. One way is for the responding party to refer to specific documents attached to its answers to the interrogatories; the second way is for the answering party to affirmatively elect to produce its business records in accordance with Rule 33(d).[8]

The Court cannot find that Defendant has adequately responded to the three interrogatories. It has not adequately justified either factually or by argument its original objections that the interrogatories are overly broad, unduly burdensome, and seek irrelevant information. The Court does not yet find adequate compliance by Defendant with Rule 33(d) to justify its cavalier reference to having produced documents responsive to other discovery. The Court, therefore, sustains the motion to compel complete responses to Joyner Second Interrogatory Nos. 16, 17, and 18. If Defendant continues to rely upon Rule 33(d) for its response, it shall fully provide all the information required by Subsection (d)(1) of the rule. Defendant shall also provide Plaintiffs with "reasonably opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries," as required by Subsection (d)(2). The Court thus sustains the motion to compel complete responses to Joyner Second Interrogatory Nos. 16, 17, and 18.

---

[8]*MGP Ingredients, Inc. v. Mars, Inc.*, Civ. A. No. 06-2318-JWL-DJW, 2007 WL 3274800, at *6 (D. Kan. Nov. 6, 2007); *Allianz Ins. Co. v. Surface Specialties, Inc.,* No. CIV. A. 03-2470-CM-DJW, 2005 WL 44534, at *4 (D. Kan. Jan. 7, 2005); *DIRECTV v. Puccinelli*, 224 F.R.D. 677, 680-81 (D . Kan. 2004).

F.     **McBride Second Interrogatory No. 15**

McBride Second Interrogatory No. 15 seeks the identity of every individual against whom Defendant has taken adverse action, from January 2000 to present, as a result of sexual harassment, racial harassment, sex discrimination, race discrimination, age discrimination, and/or retaliation. Defendant objected on the basis of geographical and temporal overbreadth. Defendant argues that it currently employs over 1500 employees at 37 different facilities in four different states. These separate facilities in other states involve different decision-makers than those involved in this lawsuit. Plaintiffs' lawsuit arises out of alleged events which alleged occurred in 2004 and 2005.

When addressing objections that discovery requests are overly broad, courts have limited the geographic scope of discovery.[9] In non-class action employment discrimination cases, the standard for determining the geographic scope of discovery focuses on "the source of the complained discrimination - - the employing unit or work unit."[10] In the absence of any evidence that there were hiring or firing practices and procedures applicable to all the employing units, discovery may be limited to plaintiff's employing unit.[11] Discovery may be expanded from the Plaintiff's employing unit, however, if the plaintiff can show the requested information is "particularly cogent" to the

---

[9]*See, e.g., Owens v. Sprint/United Mgmt. Co.,* 221 F.R.D. 649, 653-54 (D. Kan. 2004) (limiting scope of discovery to defendant's sub-unit that employed plaintiff rather than larger corporate division); *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 195 (D. Kan. 1996) (limiting scope of discovery to defendant's Emporia plant that employed plaintiff); *Gheesling v. Chater*, 162 F.R.D. 649, 650 (D. Kan. 1995) (limiting scope to plaintiff's employing unit); *Azimi v. United Parcel Serv., Inc.,* No. 06-2114-KHV-DJW, 2007 WL 2010937, at *2-3 (D. Kan. July 9, 2007) (limiting scope of discovery to Kansas district).

[10]*Mackey*, 167 F.R.D. at 195 (quoting *Heward v. W. Elec. Co*., No. 83-2293, 1984 WL 15666, at *6 (10th Cir. July 3, 1984)).

[11]*Owens,* 221 F.R.D. at 653 (citing *Joslin Dry Goods Co. v. EEOC*, 483 F.2d 178, 184 (10th Cir. 1973)).

matter[12] or if the plaintiff can show a "more particularized need for, and the likely relevance of, broader information."[13]

The Court sustains the objection that the interrogatory is overly broad with regard to its lack of geographic limitation. It will limit the geographic scope for the interrogatory to Plaintiffs' employing unit or work unit, i.e., the Medicalodges East facility. Defendant shall answer McBride Second Interrogatory No. 15, but limited in scope to individuals employed at that facility during the time period January 2000 to the present. The Court, therefore, sustains in part and overrules in part the motion to compel further response to McBride Second Interrogatory No. 15.

**V.   Sanctions**

Pursuant to Fed. R. Civ. P. 37(a), Plaintiffs ask that they be awarded reasonable attorneys' fees necessarily incurred in preparing its Certificate of Compliance, Motion and Memorandum in Support in accordance with Fed. R. Civ. P. 37(a)(5). Pursuant to subsection (a)(5)(C), if a motion to compel is granted in part and denied in part "the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." In light of the rulings set forth herein, sustaining the motion to compel in part and overruling it in part, the Court finds that each party should bear her or its own reasonable expenses. It therefore overrules the request for an award of attorneys' fees.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel (doc. 76) is sustained

---

[12]*Id*. at 654 (citing *Heward,* 1984 WL 15666, at *6).

[13]*Id*. (citing *Haselhorst v. Wal-Mart Stores, Inc.*, 163 F.R.D. 10, 11 (D. Kan. 1995); *James v. Newspaper Agency Corp.*, 591 F.2d 579, 582 (10th Cir. 1979); *Serina v. Albertson's, Inc.*, 128 F.R.D. 290, 291-92 (M.D. Fla. 1989); *Prouty v. Nat'l R.R. Passenger,* 99 F.R.D. 545, 547 (D.D.C. 1983)).

in part and overruled in part, as set forth herein.  **Within thirty (30) days of the date of this Memorandum and Order**, Defendant shall produce documents responsive to Plaintiffs' First Request for Production Nos. 3-5; Second Request for Production Nos. 55, 57 and 72-73, and shall serve supplemental answers to Plaintiffs' common First Set of Interrogatories No. 12; Plaintiff Joyner's Second Interrogatories to Defendant Nos. 16, 17, and 18; and Plaintiff McBride's Second Interrogatories No. 15.  The motion is otherwise overruled.

Dated in Kansas City, Kansas, this 6th day of March, 2008.


s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge


cc:     All counsel