**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

EVELYNE C. MCBRIDE,

                Plaintiff,

v.                                         Case No. 06-2535- JWL-GLR

MEDICALODGES, INC.,

                Defendant.
_____

DOROTHY ANN JOYNER,

                Plaintiff,

v.                                         Case No. 06-2536- JWL-GLR

MEDICALODGES, INC.,

                Defendant.
_____

TONETTE R. EALY,

                Plaintiff,

v.                                         Case No. 06-2538- JWL-GLR

MEDICALODGES, INC.,

                Defendant.

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiffs' Motion to Compel Responses to Plaintiffs' Third Requests for Production (doc. 81). Plaintiffs move the Court to compel Defendant to produce documents responsive to their Third Request for Production Nos. 94, 96-100, 106-112, 115, 122,

131-132, 135, and 137-143.[1]

Defendant initially argues that the motion should be denied for failure to properly confer, as required by Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2.  It suggests that the Certificate of Compliance fails to mention efforts by defense counsel to schedule a "meet and confer" session and that the attorney for Plaintiffs was unwilling to wait two business days to confer about the discovery disputes.

Federal Rule of Civil Procedure 37(a)(1) requires any motion to compel discovery to include a "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

In conjunction with Fed. R. Civ. P. 37, District of Kansas Rule 37.2 provides:

> The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37 . . . unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion.
>
> \*   \*   \*
>
> A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party.  It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so.

The purpose of the local rule is to encourage the parties to satisfactorily resolve their discovery disputes prior to resorting to judicial intervention.[2]  Meet and confer requirements are not

---

[1]Plaintiffs state in their Reply (doc. 116) that they withdraw their motion to compel as to Request Nos. 101-103.  They do not reassert any arguments as to Request Nos. 95, 113, 116-121, 123-129, and 133-134 in their Reply and the Court considers these requests to no longer be in dispute.

[2]*VNA Plus, Inc. v. Apria Healthcare Group, Inc.*, No. Civ. A. 98-2138-KHV, 1999 WL 386949, at \*1 (D. Kan. June 8, 1999).

satisfied "by requesting or demanding compliance with the requests for discovery."[3]  The parties must determine precisely what the requesting party is actually seeking, what responsive documents or information the discovering party is reasonably capable of producing, and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention.[4]

The Court has reviewed the Certificate of Compliance (doc. 82) and attached "golden rule" email. The certificate describes the steps taken by Plaintiffs to resolve the issues in dispute. It states that Plaintiffs' counsel sent their "golden rule" letter via email to Defendant's counsel on December 11, 2007, and a follow-up email inquiry thereafter. Plaintiff's attorney then called and left messages for defense counsel on December 18 and 19. Counsel exchanged emails on December 19 and 20. They included a request by defense counsel that their conferring be postponed until after the holiday. Plaintiffs rejected this suggestion and filed the motion on December 20, 2007.

The efforts to confer before filing the motion appear minimal and cursory at best. Reasonable effort to confer requires that the parties "in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[5] Plaintiffs' reported efforts fall short of this required level of conferring. Defendant served its Response to Plaintiffs' Third Request for Production on December 11, 2007. On that date counsel for Plaintiffs sent by email their "golden rule" letter to defense counsel. Under D. Kan. Rule 37.1(b), any motion to compel would have been properly filed within 30 days of service of Defendant's Response to the Third Request for Production. Plaintiffs filed their motion on December 20, 2007, nine days after Defendant served

---

[3]*Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999).

[4]*Id.*

[5]D. Kan. Rule 37.2.

its responses to their discovery requests. The briefing and exhibits indicate that counsel for Plaintiffs initiated the conferring process in good faith and that defense counsel was willing to confer but needed two more business days to do so. Plaintiffs filed the motion without completing the conferring, even though 21 days remained before expiration of the 30-day deadline provided by D. Kan. Rule 37.1(b). The Court finds the motion premature for lack of adequate conferring, as required by the rules.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel Responses to Plaintiffs' Third Requests for Production (doc. 81) is denied without prejudice to refiling, as set forth herein.

Dated in Kansas City, Kansas, this 13th day of March, 2008.

<u>s/ Gerald L. Rushfelt</u>
Gerald L. Rushfelt
United States Magistrate Judge

cc:     All counsel