## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

EVELYNE C. MCBRIDE,

                      Plaintiff,

v.                                 Case No. 06-2535- JWL-GLR

MEDICALODGES, INC.,

                      Defendant.

_____

DOROTHY ANN JOYNER,

                      Plaintiff,

v.                                 Case No. 06-2536- JWL-GLR

MEDICALODGES, INC.,

                      Defendant.

_____

TONETTE R. EALY,

                      Plaintiff,

v.                                 Case No. 06-2538- JWL-GLR

MEDICALODGES, INC.,

                      Defendant.

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion for Protective Order Regarding Plaintiffs' "Notice of Videotape Deposition Pursuant to Fed. R. Civ. P. 30(b)(6)" (doc. 104).   Defendant moves the Court, pursuant to Fed. R. Civ. P. 26(c), for a protective order limiting the scope of Plaintiffs' Rule 30(b)(6) notice to relevant, non-privileged topics within reasonable geographic and temporal parameters.  As set forth below, the motion is sustained in part and denied in part.

I.      **Background**

On January 4, 2007, Plaintiffs filed their amended Notice of Videotape Deposition Pursuant to Fed. R. Civ. P. 30(b)(6).  It asks Defendant to designate corporate representatives to testify about fifty-two topics.  It set the deposition for January 10 and 11, 2008.  Defendant filed the instant motion for protective order and certificate of compliance of its attempts to confer (doc. 106) on January 8, 2008.  Defendant requests that the Court limit the matters about which Plaintiffs seek to depose Defendant's corporate representative.  More specifically, it contends that several of the deposition topics are overly broad, in that they contain no geographic or temporal limitation.  Defendant further objects that much of the testimony sought by Plaintiffs is irrelevant and will require Defendant to disclose information protected by the attorney-client privilege or work product doctrine.

II.     **Legal Standard for Protective Order**

Defendant seeks a protective order, pursuant to Federal Rule of Civil Procedure 26(c).  That rule provides, in pertinent part, that:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . .  The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.  The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> *       *       *
>
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; . . . . [1]

_____

[1]Fed. R. Civ. P. 26(c)(1).

The party seeking the protective order has the burden of demonstrating good cause for it.[2] To establish good cause, the moving party must offer "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[3] Whether to enter a protective order lies withing the court's discretion.[4]

### III.     Defendant's Objections to the Rule 30(b)(6) Deposition Notice

####     A.     Overly Broad in Geographic Scope

Defendant seeks a protective order as to twenty-seven of Plaintiffs' Rule 30(b)(6) deposition topics, because they contain no geographic limitation and thus require a company with over thirty-seven facilities in four different states to provide company-wide discovery for each topic. Specifically it requests protection against producing a corporate representative to testify to Topic Nos. 3, 5-9, 12-13, 17-19, 22-23, 29, 31-35, 37-39, 42, and 44-47.   It argues that the lack of a geographic limitation for these topics makes them overly broad because the claims of the Plaintiffs arise out of a single facility, i.e., Medicalodges East ("MLE").

In their response brief, Plaintiffs argue that the policy decisions crucial to this case had corporate involvement and control and were not made simply at MLE.   Plaintiffs have agreed, however, to limit some of their topics.   Specifically they agree to limit Topic No. 5, which seeks 'the facts and circumstances surrounding the payment by Defendant of any fine for any purpose or reason to any federal or state government or agency," to the regional level where Cindy Frakes served as vice-president and to fines based upon patient care or employee health and welfare issues.   Plaintiffs

_____

[2]*Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003);  *Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000).

[3]*Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981).

[4]*Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 482 (10th Cir. 1995).

further agree to limit Topic No. 18 (identities of individuals who signed settlement agreements that required individuals not to talk with lawyers who were investigation sexual harassment claims against Defendant) and Topic No. 19 (all audits by any state or federal agency) to the region administered by regional vice-president Cindy Frakes.  The Court finds the additional limitation on Topic Nos. 5, and 18-19 as proposed by Plaintiffs to be reasonable.  Defendant shall produce a corporate representative to testify to these topics, narrowed by the limits suggested by Plaintiffs.

Federal Rule of Civil Procedure 30(b)(6) sets forth the procedure for deposing an organization:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, . . . and must describe with reasonable particularity the matters for examination.  The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . .  The persons designated must testify about information known or reasonably available to the organization.

An overly broad Rule 30(b)(6) notice may subject the noticed party to an impossible task.[5] To avoid liability, the noticed party must designate persons knowledgeable in the areas of inquiry listed in the notice.[6]  If the defendant cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible.[7]

To allow Rule 30(b)(6) to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned,

---

[5]*Steil v. Humana Kan. City, Inc.,* 197 F.R.D. 442, 444 (D. Kan. 2000);  *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000).

[6]*Reed*, 193 F.R.D. at 692 (citing *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, Civ. A. No. 94-2395-GTV, 1995 WL 625962 (D. Kan. Oct. 5, 1995)).

[7]*Id.*

and that are relevant to the issues in dispute.[8]  The responding party must make a conscientious, good-faith endeavor to designate the persons having knowledge of the matters sought and to prepare those persons in order that they can answer fully, completely, and in a non-evasive manner, the questions as to the relevant subject matters.[9]  Once notified as to the reasonably particularized areas of inquiry, the corporation then "must not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation."[10]

When addressing overly broad objections to discovery requests, courts have limited the geographic scope of discovery.[11]  In non-class action employment discrimination cases, the standard for determining the geographic scope of discovery focuses on "the source of the complained discrimination - - the employing unit or work unit."[12]  In the absence of any evidence of hiring or firing practices and procedures applicable to all the employing units, discovery may be limited to

---

[8]*Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 528 (D. Kan. 2006); *E.E.O.C. v. Thorman & Wright Corp.*, 243 F.R.D. 421, 426 (D. Kan. 2007).

[9]*Sprint,* 236 F.R.D. at 528 (citing *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 638 (D. Minn. 2000)).

[10]*Id.* (citing *Marker v. Union Fid. Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989)).

[11]*See, e.g., Owens v. Sprint/United Mgmt. Co.,* 221 F.R.D. 649, 653-54 (D. Kan. 2004) (limiting scope of discovery to defendant's sub-unit that employed plaintiff rather than larger corporate division); *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 195 (D. Kan. 1996) (limiting scope of discovery to defendant's Emporia plant that employed plaintiff); *Gheesling v. Chater*, 162 F.R.D. 649, 650 (D. Kan. 1995) (limiting scope to plaintiff's employing unit); *Azimi v. United Parcel Serv., Inc.,* No. 06-2114-KHV-DJW, 2007 WL 2010937, at *2-3 (D. Kan. July 9, 2007) (limiting scope of discovery to Kansas district).

[12]*Mackey*, 167 F.R.D. at 195 (quoting *Heward v. W. Elec. Co.*, No. 83-2293, 1984 WL 15666, at *6 (10th Cir. July 3, 1984)).

plaintiff's employing unit.[13]  Discovery may be expanded from the employing unit, however, if the plaintiff can show the requested information is "particularly cogent" to the matter[14] or if the plaintiff can show a "more particularized need for, and the likely relevance of, broader information."[15]

In order to apply these limits in the context of Rule 30(b)(6) topics, the Court must determine whether each topic seeks testimony appropriately limited to Plaintiffs' work unit, here the MLE facility, or whether the topic seeks testimony regarding company-wide practices and procedures applicable to all the employing units.  The Court has reviewed the Topics in dispute and finds the following Topics seek testimony that should be limited to the MLE facility: Topic Nos. 3, 8, 9, 12, 13, and 17.  The Court has previously sustained a similar overly broad objection based on lack of a geographic limitation and limited the scope of the interrogatories to the employing or work unit, i.e., the MLE facility, in its Memorandum and Order (doc. 182) of March 6, 2008.  Defendant has met its burden to demonstrate good cause for a protective order to limit the scope of Topic Nos. 3, 8, 9, 12, 13, and 17 to the MLE facility.

Conversely, the Court finds that Topic Nos. 22, 23, 29, 31 through 35, 37, 38, 39, 42, and 44 through 47 either seek testimony regarding relevant company-wide practices and procedures, or the topics, by their own language, are appropriately limited in scope.  Defendant's Motion for Protective Order as to these topics is therefore denied.

---

[13]*See Joslin Dry Goods Co. v. E.E.O.C.*, 483 F.2d 178, 184 (10th Cir. 1973) (affirming district court decision limiting defendant's investigation to plaintiff's employing unit).

[14]*See Heward,* 1984 WL 15666, at *6.

[15]*Haselhorst v. Wal-Mart Stores, Inc.*, 163 F.R.D. 10, 11 (D. Kan. 1995) (citing *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1084-85 (11th Cir. 1990); *James v. Newspaper Agency Corp.*, 591 F.2d 579, 582 (10th Cir. 1979); *Serina v. Albertson's, Inc.*, 128 F.R.D. 290, 291-92 (M.D. Fla. 1989); *Prouty v. Nat'l R.R. Passenger,* 99 F.R.D. 545, 547 (D.D.C. 1983)).

**B.      Overly Broad in Temporal Scope**

Defendant also seeks a protective order limiting the temporal scope of thirty-four of the topics on the grounds they contain no temporal limitation and seek information covering forty-seven years, dating back to 1961, regarding its affairs.  Specifically, it seeks protection against producing a corporate representative to testify as to Topic Nos. 3, 5, 6 through 9, 12, 13, 15, 17 through 20, 22 through 29, 31, 32, 33, 35, 37, 38, 39, 41, 42, and 44 through 47.  In their response brief, Plaintiffs point out that the "Instructions" to the deposition topics provide that "[t]he time period for all subject matter is January 1, 2000, unless otherwise specified."

Defendant concedes in its reply brief that the topics contain a temporal limitation.  It nonetheless contends that, even with such limitation, they are temporally overly broad in covering eight years.  Plaintiffs argue that January 1, 2000 is a reasonable beginning date for the following reasons:  (1) The immediate supervisor who fired Plaintiff McBride began her employment with Defendant in 2000;  (2) Plaintiff Ealy began her employment with Defendant in January 2003; and. (3) The alleged harassment of Plaintiff Ealy began shortly after she started work in 2003.  Plaintiffs argue that the facts show that the temporal limitation is well within the temporal scope found reasonable in this District.

The Court has reviewed Topic Nos. 3, 5, 6 through 9, 12, 13, 15, 17 through 20, 22 through 29, 31, 32, 33, 35, 37, 38, 39, 41, 42, and 44 through 47, and finds that the temporal limitation to begin January 1, 2000 is reasonable and consistent with cases in this District discussing temporal limits on discovery.[16]  Plaintiff Ealy alleges that the harassment occurred in 2003.  A period to

---

[16]*Owens*, 221 F.R.D. at 655 (setting temporal scope at two and a half years prior to discriminatory conduct); *Horizon Holdings, L.L.C. v. Genmar Holdings,Inc*., 209 F.R.D. 208, 212 (D. Kan. 2002) (three years prior to alleged conduct and two years after conduct relevant); *E.E.O.C.*

include three years prior to the alleged harassment is a reasonable and appropriate temporal scope. Defendant has not met its burden to show good cause for a more restricted time period.

### C.   Relevancy

Defendant also seeks a protective order against Topic Nos. 6 and 7 for allegedly seeking irrelevant information.  Topic 6 No. seeks testimony as to "[t]he facts and circumstances surrounding whether the work force at any facility owned and/or operated by Defendant has been organized by any labor union."  Topic 7 No. seeks "[t]he facts and circumstances surrounding the collection of union due withheld from the payroll of any employee of any business entity or facility owned and/or operated by Defendant."

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.[17]

Relevancy is broadly construed, and a request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party.[18]   "(T)he touchstone of the relevancy of documents and information requested is not whether the discovery will

---

*v. Kan. City S. Ry.*, 195 F.R.D. 678, 679 (D. Kan. 2000) (three years prior to the time the discriminatory conduct was alleged to have occurred and one year after is relevant); *Long v. Landvest Corp.*, Civ. A. No. 04-2025-CM, 2006 WL 897612, *7-8 (D. Kan. Mar. 31, 2006) (three years prior to plaintiff's termination was a reasonable scope in light of the three-year statute of limitations).

[17]Fed. R. Civ. P. 26(b)(1).

[18]*Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 615 (D. Kan. 2005); *Owens*, 221 F.R.D. at 652; *Sheldon v. Vermonty*, 204 F.R.D. 679, 690 (D. Kan. 2001).

result in evidence that is, or even may be, admissible at trial, but rather whether the discovery is 'reasonably calculated to lead to the discovery of admissible evidence.'"[19]

When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance as defined under Rule 26(b)(1), or is of such marginal relevance that the potential harm occasioned by the discovery would outweigh the ordinary presumption in favor of broad disclosure.[20]   Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[21]

The relevancy of whether the work force of Defendant at any of its facilities has been organized by a labor union or whether union dues have been collected, as sought in Topic Nos. 6 and 7, is not readily apparent.  As the party seeking the discovery, Plaintiffs have the burden to show relevancy.  They argue that these Topics relate to Defendant's document No. A001517, which it produced as a part of the personnel file of Plaintiff Ealy.  When she began work on January 30, 2003, Defendant gave her a number of documents to sign.  They included a form that acknowledged she had received a copy of a union contract. The document states that Plaintiff Ealy received a copy of "the facility union contract." Plaintiff Ealy acknowledges that she signed the form, but claims that she never received such a contract and does not know whether she was ever in a union. Plaintiffs assert that they are aware that there was a union contract between Defendant and Service Employee's

---

[19]*Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 646 (D. Kan. 2004) (quoting Fed.R.Civ.P. 26(b)(1)).

[20]*Cardenas,* 230 F.R.D. at 615-16; *Owens*, 221 F.R.D. at 652; *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[21]*Cardenas*, 230 F.R.D. at 616; *Owens*, 221 F.R.D. at 652; *Steil*, 197 F.R.D. at 445.

International Union 96, apparently during 2003. Plaintiffs assert that they want Defendant to produce a representative to testify whether Plaintiffs were members of this union, whether they paid dues, and whether remedies are available to them about which they were never informed. Defendant has not produced any documents relating to the union, other than the document signed by Plaintiff Ealy at the time she started work.

The Court is not persuaded by Plaintiffs' arguments and finds that Plaintiffs have failed to meet their burden to show the relevancy of deposition Topic Nos. 6 and 7. Defendant's Motion for Protective Order is therefore overruled as to Topic Nos. 6 and 7.

### D.    Vague and Ambiguous

Defendant also seeks a protective order as to Rule 30(b)(6) Deposition Topic No. 11 on the basis that it is vague and ambiguous because it refers to an attached "Exhibit A," which was not provided. Plaintiffs concede that they failed to attach Exhibit A to the amended deposition notice. They point out, however, that the Exhibit was attached to their first notice of deposition so Defendant was aware of its content. If Plaintiffs have not already done so, they shall provide Defendant with a copy of "Exhibit A" referenced in Topic No. 11 **within five (5) days of this Order**. The Court accordingly denies the Motion for Protective Order as to Topic No. 11 as moot.

### E.    Attorney-Client Privilege and Work Product

Defendant seeks a protective order as to Rule 30(b)(6) Deposition Topic Nos. 10, 11, 14, 43, 48, and 50, 51, and 52 because they seek testimony that is protected by attorney-client privilege or as work product. Courts addressing this issue have generally declined to uphold attorney-client and work-product objections to topics set out in Rule 30(b)(6) notices unless the requested topics, on their

face, call for testimony invading the attorney-client privilege or attorney work product doctrine.[22] Accordingly, the Court finds that the blanket assertions of attorney-client privilege and work product against the deposition topics are premature. The Court does not find that the topics on their face call for testimony invading the attorney-client privilege or attorney work-product doctrine. It finds no basis for granting a motion for a protective order on these grounds. The Court recognizes that specific questions could elicit privileged or protected information.   It is premature to assume that will happen. If it does, Defendant may pursue other available procedures.

     **IT IS THEREFORE ORDERED** that Defendant's Motion for Protective Order Regarding Plaintiffs' "Notice of Videotape Deposition Pursuant to Fed. R. Civ. P. 30(b)(6)" (doc. 104) is sustained in part and denied in part, as set forth herein.

     Dated in Kansas City, Kansas, this 11th day of April, 2008.


                        s/ Gerald L. Rushfelt
                        Gerald L. Rushfelt
                        United States Magistrate Judge

---

[22]*See United States v. Hodgson*, 492 F.2d 1175, 1177 (10th Cir. 1974) (holding that assertions of privilege must normally be raised "as to each record sought and each question asked so that . . . the court can rule with specificity"); *Sprint*, 236 F.R.D. at 529 (holding that blanket assertions of privilege before any questions have been asked at a Rule 30(b)(6) deposition are premature); *Carolina Indus. Prods., Inc. v. Learjet Inc.*, No. CIV. A. 00-2366-JWL, 2001 WL 1155297, at *3 (D. Kan. Aug. 10, 2001) (finding topic on its face did not call for testimony invading privilege, but recognizing that objections could be asserted to specific deposition questions eliciting privileged or protected information).