## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

EVELYNE C. MCBRIDE,

                        Plaintiff,

v.                                   Case No. 06-2535- JWL-GLR

MEDICALODGES, INC.,

                        Defendant.

_____

DOROTHY ANN JOYNER,

                        Plaintiff,

v.                                   Case No. 06-2536- JWL-GLR

MEDICALODGES, INC.,

                        Defendant.

_____

TONETTE R. EALY,

                        Plaintiff,

v.                                   Case No. 06-2538- JWL-GLR

MEDICALODGES, INC.,

                        Defendant.

## **MEMORANDUM AND ORDER**

      Pending before the Court is Plaintiffs' Motion for Leave to Complete the Deposition of Julie Melvin-Duryee (doc. 190).   Plaintiffs request an order to compel Defendant to produce its former employee, Ms. Melvin-Duryee, who was the facility administrator of Medicalodges East during the events giving rise to the claims of Plaintiffs.  They ask that the deposition be reconvened for an additional five hours to complete it.  Defendant opposes the motion.  It argues that Plaintiffs have

already deposed Ms. Melvin-Duryee for six hours and that their request for an additional five hours exceeds the limit imposed by the Scheduling Order and Federal Rules of Civil Procedure.

## I.      Relevant background

Plaintiffs allege they were victims of discrimination and harassment because of their race and gender and that Defendant employer retaliated against them after they complained.  Plaintiff McBride also claims age discrimination and that Defendant wrongfully terminated her employment for reporting various alleged violations.  The Court has consolidated their three individual cases for pretrial proceedings.

On October 29, 2007, Plaintiffs deposed Ms. Melvin-Duryee for six hours.  Counsel for Plaintiffs then informed defense counsel that additional time was necessary to depose Ms. Melvin-Duryee, but the attorneys were not able to agree on this issue.  This motion followed.

## II.     Discussion

Plaintiffs request that the Court order that the deposition of Ms. Melvin-Duryee be reconvened for a maximum of five hours.  They suggest that Ms. Melvin-Duryee was the individual who terminated Plaintiffs McBride and Joyner, that she had allegedly been notified of numerous problems with the conduct of the person who had harassed them, and purportedly investigated those matters.  Plaintiffs also argue they have been prejudiced by the consolidation of their three separate cases.  If their cases were proceeding independently, each of them would supposedly have been able to depose  Ms. Duryee for seven hours and thus for all three a total of twenty-one hours. Plaintiffs further contend that numerous breaks and conferences by defense counsel and Ms. Melvin-Duryee during her deposition shortened their time for interrogation.

Defendant argues that Ms. Melvin-Duryee traveled over 250 miles round-trip to attend her

deposition on October 29.  It further contends that opposing counsel concluded it at five o'clock after approximately six hours of questioning. At that time defense counsel made clear that Ms. Duryee was ready, willing, and able to complete her deposition. Defendant also made it clear that it would oppose any motion to take a second deposition.

Federal Rule of Civil Procedure 30(d)(1) limits the duration of a deposition to seven hours, unless otherwise stipulated or ordered by the court.  "The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination."[1]  The September 19, 2007 Scheduling Order in this case, entered after the cases were consolidated, also provides that each deposition shall be limited to seven hours.

The advisory committee notes to the 2000 Amendments to Rule 30(d)(1) contemplate requests for extension of seven hours for deposition and provides that "[t]he party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order."[2] The advisory committee notes also set forth examples of situations that may justify granting an extension of the deposition limit.  One the examples noted is for a multiple-party case:  "In multi-party cases, the need for each party to examine the witness may warrant additional time, although duplicative questioning should be avoided and parties with similar interests should strive to designate one lawyer to question about areas of common interest."[3]

The Court finds that Plaintiffs have shown good cause to extend the time limit of seven hours

---

[1] Fed. R. Civ. P. 30(d)(1).

[2] Advisory Committee Note to 2000 amendment to Fed. R. Civ. P. 30(d)(1).

[3] *Id.*

for Ms. Melvin-Duryee's deposition.  Ms. Melvin-Duryee appears to be a key player, directly involved in the claims of all three Plaintiffs.  She was the person who apparently terminated the employment of Plaintiffs McBride and Joyner.  She allegedly received notice of numerous problems with the conduct of the person accused of harassment in these cases and claims to have investigated these complaints.  Plaintiffs have good reason for additional time to question Ms. Melvin-Duryee.  They correctly point out that, had their cases not been consolidated, each plaintiff would presumably have been able to depose Ms. Melvin-Duryee for seven hours.  Plaintiffs have thus shown good cause for their request for an additional five hours to reconvene the deposition of Ms. Melvin-Duryee.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to Complete the Deposition of Julie Melvin-Duryee (doc. 190) is sustained, as set forth herein.  **Within thirty (30) days of the date of this Order,** the deposition of Ms. Melvin-Duryee may be reconvened at a mutually-agreeable date, time, and location.  Such deposition shall not to exceed five (5) hours in length.

Dated in Kansas City, Kansas, this 16th day of April, 2008.


Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge


cc:      All counsel