## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

EVELYNE C. MCBRIDE,

                          Plaintiff,

v.                                              Case No. 06-2535- JWL

MEDICALODGES, INC.,

                          Defendant.
_____

DOROTHY ANN JOYNER,

                          Plaintiff,

v.                                              Case No. 06-2536- JWL

MEDICALODGES, INC.,

                          Defendant.
_____

TONETTE R. EALY,

                          Plaintiff,

v.                                              Case No. 06-2538- JWL

MEDICALODGES, INC.,

                          Defendant.

## **MEMORANDUM AND ORDER**

Pending before the Court is Plaintiffs' Third Motion to Compel Defendant to Provide Full

and Complete Responses to Plaintiffs' Fourth and Fifth Requests for Production (doc. 176).

Plaintiffs request an order compelling Defendant to produce documents responsive to Fourth

Request Nos. 144, 145a, 145c through 145f, 145h, 145i, 160, 161, 197, and Fifth Request Nos. 198

through 201.  As set forth below, the Court sustains the motion in part and denies it in part.

## I.     Background facts

Plaintiffs McBride, Joyner, and Ealy have filed separate actions alleging they were harassed and discriminated against based on their race and gender.  They also claim that Defendant employer retaliated against them after they complained.  Plaintiff McBride additionally claims age discrimination and that Defendant wrongfully terminated her employment for reporting various alleged violations.  The Court has consolidated these three cases for pretrial proceedings.

## II.    Discovery sought by Plaintiffs

### A.     Fourth Request No. 144 - Written or recorded statements that discuss facts of case, Plaintiffs, alleged harasser, and harasser's supervisors

Plaintiffs' Fourth Request No. 144 seeks production of "Any and all written or recorded statements made by any person that discuss or refer to any of the persons identified in the parties' voluntary disclosures, witness lists or responses to written discovery in this consolidated case." Defendant objected to the request as follows:

> Objection. Request No. 144 is rendered vague by its use of the term "statement."
> Further, Request No. 144 is temporally overbroad and unduly burdensome. As
> written, and particularly in light of its vagueness and failure to set forth any
> limitations on its scope, Request No. 144 will require Defendant to search every
> document in its possession for references to dozens of individuals.

Plaintiffs' motion limits the scope of Request No. 144 to twenty-three individuals identified on pages 2, 3, and 4 of their Memorandum in Support of the Third Motion to Compel (hereinafter referred to as "Listed Employees").  They ask that the Court order Defendant to produce any statement, whether or not contained in emails, whether signed or unsigned, from the Listed Employees, which discusses (a) facts of case (b) Plaintiffs (c) Shawn Garbin (d) Cindy Frakes and

(e) Julie Melvin-Duryee, for the time period January 1, 2003 through the present.

Defendant argues that "statement," as meant by Plaintiffs, covers an unlimited range of document types, including and not limited to emails and surveillance tapes.  The vagueness of the request commands it to review every document in its possession to search for minute references to certain individuals.  It contends the request is overly broad and unduly burdensome on its face in requiring a large corporate defendant such as itself to read all documents within its possession in search of single words.

The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity.[1]  A party responding to discovery requests "should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized."[2]  Defendant has not met its burden to show that the term "statement" as used in this request is vague.  Although Plaintiffs do not specifically define the term, Federal Rule of Evidence 801(a) provides guidance.  It defines a "statement" as "an oral or written assertion . . . if it is intended by the person as an assertion."[3]

In support of its objection Defendant has cited two cases from this District: *C.T. v. Liberal School District*,[4] and *Moss v. Blue Cross and Blue Shield of Kansas, Inc.*[5]  Both of those cases, however, dealt with discovery requests broader than those in the instant litigation.  The interrogatory

---

[1]*Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 655 (D. Kan. 2006).

[2]*Id.*

[3]Fed. R. Evid. 801(a).

[4]Civ. A. Nos. 06-2093-JWL, 06-2360-JWL, 06-2359-JWL, 2008 WL 394217, at *10 (D. Kan. Feb. 11, 2008).

[5]241 F.R.D. 683, 693 (D. Kan. 2007).

in dispute in *Liberal* inquired about "statements of any kind."[6]  *Moss* would have required the responding party to search every other employee's correspondence.[7]  By contrast, Request No. 144 here limits the requested statements to those "written or recorded" that discuss specifically identified subject matter.  Defendant does not contend that the request for statements that discuss "facts of case" is overly broad with regard to subject matter.  Nor has it provided any evidence of record to support its contention that its corporate size and the number of documents in its possession make the request unduly burdensome.

For the foregoing reasons the Court overrules the objection to Request No. 144.  Defendant shall produce any statements, as requested, for the time period January 1, 2003 through the present, or produce a privilege log for any privileged documents withheld.

### B.    Fourth Request Nos. 145a and 145c - Employment applications or certifications

Plaintiffs next seek to compel Defendant to produce employment applications and "documentation referencing any training or certification provided to employees" hired at Medicalodge East for the period January 1, 2002, through the present.  The request ostensibly covers information about 185 identified individuals.

Defendant objects to the request as overly broad in temporal scope and not reasonably calculated to lead to the discovery of admissible evidence.  It asserts that personnel files are discoverable only when the individuals at issue have played important roles in the employment decisions affecting plaintiffs or when they will be key witnesses in the litigation.  It argues that

---

[6]*Liberal*, 2008 WL 394217, at *10.

[7]*Moss,* 241 F.R.D. at 693.

nearly all the employees identified have nothing or little to do with this lawsuit.  It also objects to producing employment applications and certifications for 185 employees as unduly burdensome. Defendant further explains it advised counsel for Plaintiffs that it produced, on or prior to February 15, 2008, all documentation that refers to employee training.

Plaintiffs contend the documentation already produced relates entirely to various "inservice" training and a handful of recent training to prevent sexual harassment. They contend this discovery is not the documentation they seek in these requests or that counsel discussed during conferring efforts to resolve the dispute.

### 1.     Relevancy objection

Defendant objects to the request as a fishing expedition seeking irrelevant or minimally relevant information.  It argues that the motion is not accompanied by any evidence to show that its workforce is undereducated.  It disputes that allegation and questions the validity of the suggestion by Plaintiffs that less educated employees either cannot read policies or would not ask questions when confronted with policies they cannot understand.  Defendant points out that all three Plaintiffs claim they complained about sexual and racial harassment without responsive action by the employer. They even claim to have written notes and placed them under the administrator's door. The complaint itself and testimony upon deposition shows that Plaintiffs understood the policies and complaint mechanism provided by Defendant.

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in

the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.[8]

Relevancy is broadly construed, and a request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party.[9] Furthermore, "the touchstone of the relevancy of documents and information requested is not whether the discovery will result in evidence that is, or even may be, admissible at trial, but rather whether the discovery is 'reasonably calculated to lead to the discovery of admissible evidence.'"[10]

When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance as defined under Rule 26(b)(1), or is of such marginal relevance that the potential harm occasioned by the discovery would outweigh the ordinary presumption in favor of broad disclosure.[11]  Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[12]

Plaintiffs argue that the information sought by these requests is relevant to the experience, education, and sophistication of Defendant's workforce and therefore relevant to Defendant's

---

[8]Fed. R. Civ. P. 26(b)(1).

[9]*Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 615 (D. Kan. 2005); *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 652 (D. Kan. 2004); *Sheldon v. Vermonty*, 204 F.R.D. 679, 690 (D. Kan. 2001).

[10]*Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 646 (D. Kan. 2004) (quoting Fed. R. Civ. P. 26(b)(1)).

[11]*Cardenas,* 230 F.R.D. at 615-16; *Owens*, 221 F.R.D. at 652; *Gen. Elec. Capital Corp. v. Lear Corp*., 215 F.R.D. 637, 640 (D. Kan. 2003).

[12]*Cardenas*, 230 F.R.D. at 616; *Owens*, 221 F.R.D. at 652; *Steil v. Humana Kan. City, Inc.*, 197 F.R.D. 442, 445 (D. Kan. 2000).

affirmative defense that it exercised reasonable care to prevent and correct promptly any sexually harassing behavior.  They assert that their expert has opined that one reason why the training and policies are unreasonable is because they do not properly address the needs and abilities of its workforce, composed largely of less-educated, hourly workers.  Plaintiffs maintain that reviewing employment applications and certifications of training provided to employees would be the easiest way to obtain demographic information relevant to the opinion of their expert.

The Court finds that Plaintiffs have met their burden to show the relevance of the requested discovery for the employment applications and documentation that refers to any training or certification for 185 employees.  The discovery is relevant to the efforts by Defendant to educate its workforce about its anti-discrimination policies and statutory prohibitions.  The Court overrules the objection of irrelevancy for the purpose of discovery.

### 2.    Unduly burdensome objection

Defendant also objects to producing employment applications and certifications for 185 employees as unduly burdensome.  It argues that producing these documents will require Defendant to search 185 personnel files for the requested applications and certifications.  Plaintiffs question the difficulty and burdensomeness of Defendant pulling 185 employment applications out of files, particularly when the discovery is for three individual cases.  In response to that argument, Plaintiffs offer for their counsel to cull applications and certifications from the personnel files.  Plaintiffs would thus propose to trump the argument that the requests are unduly burdensome.

The party objecting to discovery as unduly burdensome has the burden of showing facts to justify the objection by demonstrating that the time or expense involved in responding to requested

discovery is unduly burdensome.[13] This imposes an obligation to provide sufficient detail in terms of time, money and procedure required to produce the requested documents.[14] Discovery should be allowed unless the hardship imposed on the responding party is unreasonable in light of the benefits to be secured from the discovery.[15] In making a decision regarding burdensomeness, a court should balance the burden on the interrogated party against the benefit to the discovering party of having the information.[16]

The Court finds that Defendant has failed to support its objection that producing employment applications and certifications from 185 personnel files is unduly burdensome, especially given that the discovery requested is for three separate cases. Shifting the burden of time and labor to Plaintiffs, moreover, undercuts the objection. The Court overrules the objection. Plaintiffs' motion to compel as to Fourth Request Nos. 145a and 145c is sustained. Defendant shall either produce employment applications and documentation that refer to any training or certification provided to employees for the 185 individuals identified by Plaintiffs or otherwise permit counsel for Plaintiffs to copy the requested application and certification documents from the files of Defendant.

## C.   Fourth Request No. 145d - Employee background checks

Plaintiffs' Fourth Request No. 145d seeks "documents that reference, or are utilized to obtain background checks on said employees." More specifically Plaintiffs ask the Court to compel

---

[13]*Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.,* 209 F.R.D. 208, 213 (D. Kan. 2002); *Snowden By and Through Victor v. Connaught Labs., Inc.*, 137 F.R.D. 325, 332 (D. Kan. 1991).

[14]*Id.*

[15]*G.D. v. Monarch Plastic Surgery, P.A.*, Civ. A. No. 06-2184-CM, 2007 WL 201150, at *10 (D. Kan. Jan. 22, 2007).

[16]*Hoffman v. United Telecomms., Inc.,* 117 F.R.D. 436, 438 (D. Kan. 1987).

Defendant to produce employee background checks run by facility administrator Julie Melvin-Duryee in the calendar year 2005.  Defendant objects on grounds of irrelevancy.  It also objects that the request is overly broad and unduly burdensome.

### 1.    Relevancy objection

Defendant objects to the request for background checks as irrelevant.  It contends that such information is irrelevant to the discrimination and harassment claims of Plaintiff Ealy, because she makes no claim for wrongful termination and remains employed by Defendant.  Plaintiffs contend the requested documents are relevant to determine if the background checks by Julie Melvin-Duryee as facility administrator were  in retaliation for Plaintiff Ealy's complaint against the alleged harasser.  Plaintiffs also indicate that they seek this information to counter the attempts by Defendant to discredit witnesses with information from their respective background checks and to avoid surprise in front of the jury.

The Court finds that Plaintiffs have shown the relevancy of any employee background checks run on the three Plaintiffs by facility administrator Julie Melvin-Duryee in the calendar year 2005. Plaintiff Ealy asserts a claim for retaliation under Section 1981 and Title VII.  Plaintiffs have also shown the relevancy of employee background checks run on employees whom Plaintiffs intend to call as trial witnesses.  Defendant may attempt to use any adverse information on these documents to discredit trial witnesses.  Plaintiffs have thus met their burden to show relevancy of employee background checks run by facility administrator Julie Melvin-Duryee in the calendar year 2005, but only for Plaintiffs and those employees who may be called as trial witnesses.

### 2.    Unduly burdensome objection

Defendant also objects to the prospect of producing background-check information for 185

employees as unduly burdensome.  The memorandum in support of the motion limits the background checks Plaintiffs seek, however, to only twenty-three named employees.  The motion further seeks such information only as to that obtained by the facility administrator in the calendar year 2005. Defendant has not otherwise supported its objection with any facts of record to support the contention that such production creates an undue burden.  The Court declines to speculate.  In light of the narrowed scope of the request, the Court overrules the objection that it is unduly burdensome.

The Court thus sustains in part and overrules in part Plaintiffs' motion to compel employee background checks run by facility administrator Julie Melvin-Duryee in the calendar year 2005. Defendant shall produce such background checks conducted as to Plaintiffs and as to the twenty-three persons identified on pages 2, 3, and 4 of Plaintiff's memorandum in support of its motion.

### D.      Fourth Request Nos. 145e and 145f - Performance evaluations and discipline

Plaintiffs seek to compel Defendant to produce performance evaluations and disciplinary documents for the twenty-three Listed Employees named in their supporting memorandum.  They argue that performance evaluations and documents showing discipline of "similarly situated employees" is relevant to their claims of sexual and racial harassment.

Defendant contends that to prevail on a disparate treatment claim, Plaintiffs carry a *prima facie* burden to prove they were treated differently than similarly situated employees who are not in their protected class.  Plaintiffs argue they are entitled to discovery of discipline by the alleged harasser and evaluation of "similarly situated employees" because the claims in this case specifically allege sexual and racial harassment against him.

The Court finds that Plaintiffs have sufficiently shown the relevance of performance evaluations and discipline of similarly treated employees to support their claims of sexual and racial

harassment.  It overrules the objection of irrelevancy.  It sustains the motion to compel production

of documents responsive to the Fourth Request Nos. 145e and 145f.  Defendant shall produce

performance evaluations and disciplinary documents for the twenty-three Listed Employees.

> **E.     Fourth Request Nos. 145h and 145i - Unemployment claims**

Plaintiffs ask the Court to compel Defendant to produce documents that Defendant has used

in the course of unemployment compensation claims or that refer to such claims for any of the

twenty-three listed employees. Defendant objects on grounds of irrelevancy.  It argues that Plaintiffs

have the burden to demonstrate the relevancy of the request, because it is not otherwise apparent.

It further points out that Plaintiffs have failed even to address relevancy of this request.

The Court agrees with Defendant.  It finds that Plaintiffs have not met their burden to

establish relevancy.  Accordingly, it overrules Plaintiffs' motion to compel Fourth Request Nos. 145h

and 145i.

> **F.     Fourth Request Nos. 160 and 161 - Complaints to NLRB**

Plaintiffs' Fourth Request No. 160 seeks:

> Any and all transcripts, audio or video tapes made by Defendant's employees or
> agents acting on their behalf, authorized or unauthorized, in the care custody or
> control of Defendant of any hearing, testimony or statements taken in any formal or
> informal proceeding or investigation concerning any complaints or charges filed with
> the National Labor and Relations Board by any employee or former employee of
> Medicalodge Alzheimer's, Alzheimer's Center of Kansas City, Kansas, Medicalodge
> of Goddard, Kansas, Medicalodge East of Kansas City, Kansas, Medicalodge of
> Leavenworth, Kansas and Medicalodge Post Acute Care Center, Kansas City, Kansas
> regarding any adverse treatment or adverse employment action perceived or
> otherwise, from January 1, 2000 to the present.

Request No. 161 asks Defendant to produce all documents relating to claims or charges filed with

the National Labor and Relations Board ("NLRB") submitted to Defendant or to the National Labor

and Relations Board by any employee or "former" of the same facilities as listed in Request No. 160 regarding any adverse treatment or adverse employment action perceived or otherwise, from January 1, 2000, to the present.

Defendant objected to the requests as geographically and temporally overbroad. It further objected that the requests seek information irrelevant to Plaintiffs' claims, which have nothing to do with trade unions and labor relations.

Apparently in response to the objections, Plaintiffs limited their motion to compel to proceedings, complaints or investigations before the NLRB and to documents relating to claims or charges filed with it by any employee or former employee of three facilities: Medicalodge Alzheimer's; Medicalodge East of Kansas City, Kansas; and Medicalodge Post Acute Care Center, Kansas City, Kansas.

Plaintiffs propose to discover whether there were rights or obligations relevant to employees who worked in the same region as Plaintiffs and at facilities that were part of the same bargaining unit. Plaintiffs claim they never received documents showing any rights they might have under the protection of a union.

Defendant objects to producing documents relating to claims, charges, proceedings, complaints and investigations before the NLRB. Defendant argues that the types of conduct which the NLRB may investigate is co-extensive with the types of conduct prohibited by the National Labor Relations Act ("NLRA"). It contends that unfair employer practices under the NLRA generally relate to interfering, through intimidation, retaliation, and the like, with rights of employees to organize and bargain through labor unions. It argues that none of the types of discrimination or retaliation alleged by Plaintiffs constitute "unfair labor practices" within the meaning of the NLRA.

-12-

The Court agrees with Defendant.  Plaintiffs have failed to meet their burden to establish the relevancy of these requests.  The Court overrules the motion to compel production of documents responsive to Fourth Request Nos. 160 and 161.

### G. Fourth Request No. 197 - Documents demonstrating dishonesty or untruthfulness

Plaintiffs' Fourth Request No. 197 seeks "[a]ny documents Defendant contends demonstrate or refer to dishonesty or untruthfulness" as to fifteen specifically named persons.  Defendant objects to the request on the grounds it seeks information protected as work product and is overly broad and unduly burdensome on its face.  It contends the request impermissibly seeks disclosure of all impeachment evidence it intends to use at trial.

Plaintiffs argue that the practice in this District is to allow written discovery that seeks the contentions of the parties.  Plaintiffs assert they are not requesting trial strategy or impeachment documents.  They simply seek documents that arguably show that Plaintiffs and other individuals harassed by Garbin are dishonest or untruthful.

Federal Rules of Civil Procedure 33(a)(2) permits a party to propound contention interrogatories.  By that rule an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact.[17]   Although not an interrogatory, the request at issue here seeks documents Defendant contends demonstrate or refer to dishonesty or untruthfulness of certain identified witnesses. The Court finds the request does not necessarily require production of documents protected as attorney's mental impressions and conclusions, but rather what Defendant characterizes as instances of dishonesty or untruthfulness.

---

[17]Fed. R. Civ. P. 33(a)(2).

The Court does find, however, that Fourth Request No. 197 is unduly burdensome. It lacks any sufficiently objective standard that is limited to the issues of this case, by which Defendant can determine what if any documents it should produce. Any given employee may be dishonest or untruthful in many conceivable ways, e.g., matters relating to employment history, personal health, relations with co-employees, absences, work performance, etc. Unlike contention interrogatories that generally relate to material issues undergirding the claims and defenses, this request would require Defendant to engage in mental gymnastics to determine dishonesty or untruthfulness to an unlimited extent, whether or not it would ever have any relevancy for the present case. Not every instance of dishonesty or untruthfulness necessarily has relevancy to a material issue. Nor would it necessarily provide ammunition for cross-examination. The Federal Rules of Evidence contain limitations for what may be used to impeach a witness. Until a witness has testified at trial, a party may not know what documents may be useful for impeachment. To require a party to sort through the content of documents and make judgments at this point about dishonesty or untruthfulness as to matters that may have no relevancy calls for speculation and creates an undue burden. Accordingly, the Court overrules the motion to compel production of documents responsive to Fourth Request No. 197.

### H.      Fifth Request Nos. 198 and 199 - Purchase orders and invoices

Plaintiffs' Fifth Request No. 198 asks Defendant to produce "[a]ll purchase orders and invoices for supplies purchased for use at Defendant's Medicalodges East facility during the time of Shawn Garbin's employment with Defendant." Fifth Request No. 199 asks for contracts and agreements for such supplies. Defendant argues that purchase orders and invoices for all supplies purchased over a period of seventeen months for use at Medicalodge East is not relevant to the issue of whether Plaintiff Joyner lied to her supervisors about supplies she ordered on a single occasion.

-14-

Defendant contends that Plaintiff Joyner ordered supplies from a company called All-State Medical, lied about doing so when her supervisor asked her about it, and caused the supervisor to file complaints with the Better Business Bureau and the Attorney General's Office. Defendant points out that Plaintiff Joyner specifically admitted during her deposition that she was not allowed to order from All-State and instead was required to order gloves from another supplier.

Plaintiffs state in their reply brief that they have agreed to limit their request for these documents to those that refer to any orders placed by Plaintiff Joyner and by anyone else who was ordering supplies for Medicalodge East during the time that Plaintiff Joyner worked there , i.e., from July 18, 2003 through December 28, 2004. They argue that on March 6, 2008, upon Plaintiff's first motion to compel, the Court ordered Defendant to produce documentation of supplies ordered by Plaintiff Joyner during the time she worked for Defendant, and that Defendant has not yet complied. Plaintiffs also argue that Plaintiff Joyner did not have sole responsibility for ordering supplies and the only way to know whether any other employee ordered the disputed supplies from Allstate Medical, whether it was gloves or anything else, is to review all the invoices and purchase orders.

Defendant has not argued that the request is unduly burdensome, only that it is not reasonably calculated to lead to the discovery of admissible evidence. But Defendant has not adequately substantiated its objection of irrelevancy. Many of the requested documents may indeed have no relevancy. But their production may nevertheless dispose of the issue as to whether Plaintiff Joyner or some other employee ordered the gloves at issue. Or it may show that other employees ordered similar merchandise from All-State Medical, without disciplinary reaction. Determination of that issue may be relevant to the allegedly discriminatory treatment of Plaintiffs by Defendant.

For the foregoing reasons the Court will sustain the motion to compel production of

-15-

documents responsive to Fifth Request Nos. 198 and 199, but limited to orders placed from July 18, 2003 to December 28, 2004.

> **I.    Fifth Request No. 200 - Statements of Plaintiffs**

Plaintiffs' Fifth Request No. 200 asks Defendant to produce "All statements of Plaintiffs, taken or comp[il]ed on behalf of Defendant, including any video tape or audio tape or investigative report." Defendant asserts that it has served a supplemental response that all statements of Plaintiffs have been produced to them and that Defendant possesses no surveillance videotapes of them. In their reply memorandum Plaintiffs do not deny the response. The Court accepts it. Accordingly, it finds Plaintiffs' motion to compel moot as to Fifth Request No. 200.

> **J.    Fifth Request No. 201 - Outlook email folders**

Plaintiffs' Fifth Request No. 201 seeks "All Outlook .pst folders maintained by the persons listed in Request No. 202, for the period January 1, 2002 through the present, that contain any document referencing or mentioning the following: Plaintiffs in this lawsuit."

Defendant states in response that it has diligently worked to convert Outlook .pst files into a usable format and could probably produce the responsive documents and moot the motion to that extent. Plaintiffs acknowledge that Defendant has produced several hundred emails. They complain, nevertheless, that Defendant has produced no emails dated after 2004, even though 2005 was a critical time period in this case. Plaintiffs state that they need all of the emails or a representation from Defendant about which emails are being withheld and why.

The Court sustains the motion to compel production of any documents responsive to Fifth Request 201, if it has not already produced them to Plaintiffs. In any event Defendant shall promptly serve a supplemental response to confirm that it has fully complied with the request.

-16-

**IT IS THEREFORE ORDERED** that Plaintiffs' Third Motion to Compel Defendant to Provide Full and Complete Responses to Fourth and Fifth Requests for Production (doc. 176) is sustained in part and denied in part, as set forth herein.  Defendant shall serve all documents ordered produced herein within **twenty (20) days of the date of this Memorandum and Order.**

Dated in Kansas City, Kansas, this 2nd day of May, 2008.

<u>s/ Gerald L. Rushfelt</u>
Gerald L. Rushfelt
United States Magistrate Judge

cc:    All counsel