**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

EVELYNE C. MCBRIDE,

                Plaintiff,

v.                                            Case No. 06-2535- JWL

MEDICALODGES, INC.,

                Defendant.
_____

DOROTHY ANN JOYNER,

                Plaintiff,

v.                                            Case No. 06-2536- JWL

MEDICALODGES, INC.,

                Defendant.
_____

TONETTE R. EALY,

                  Plaintiff,

v.                                            Case No. 06-2538- JWL

MEDICALODGES, INC.,

                Defendant.

**MEMORANDUM AND ORDER**

Pending before the Court is Defendant's Motion to Compel Witness Statement (doc. 220). Defendant moves the Court, pursuant to Fed. R. Civ. P. 37(a), for an order to compel Plaintiffs to produce the witness statement of its former employee Barbara Stillman. Plaintiffs object to producing the statement. They contend the witness statement is protected

from disclosure as attorney work product. As discussed below, the motion is denied.

"It is well settled that the party seeking to invoke work product immunity . . . has the burden to establish all elements of the immunity . . . and that this burden 'can be met only by an evidentiary showing based on competent evidence.'"[1]  To carry that burden, the objecting party must make a "clear showing" that the asserted objection applies.[2]  To establish work product protection, the party seeking to invoke work product immunity must show that (1) the materials sought to be protected are documents or tangible things; (2) they were prepared in anticipation of litigation or for trial; and (3) they were prepared by or for a party or a representative of that party.[3]

In support of their assertion of work product immunity, Plaintiffs have attached the affidavit of their counsel. It declares that the witness statement at issue is a written document taken by counsel for Plaintiffs, while this litigation was pending, for purpose of preserving work product. The affidavit further states that counsel was acting in his role as counsel for Plaintiffs when he took the statement.

The Court finds that Plaintiffs have sufficiently established the elements of work product for the witness statement sought by Defendant. It is a document prepared by Plaintiffs' counsel for purposes of and during this litigation.

---

[1] *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 683 (D. Kan. 2000).

[2] *McCoo*, 192 F.R.D. at 683; *Ali v. Douglas Cable Commc'ns, Ltd. P'ship*, 890 F. Supp. 993, 994 (D. Kan. 1995).

[3] *U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, 247 F.R.D. 656, 657 (D. Kan. 2007); Fed. R. Civ. P. 26(b)(3)(A).

The inquiry, however, does not end with the finding of work product. Federal Rule of Civil Procedure 26(b)(3)(A) authorizes production of attorney work product materials if "(i) they are otherwise discoverable; and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."[4] The party attempting to pierce the work product protection by relying on the necessity exception bears the burden of proof and persuasion.[5] To justify disclosure, that party must show the importance of the information to the preparation of its case and the difficulty it will face in obtaining substantially equivalent information from other sources if production is denied.[6] The Court has broad discretion to determine whether the requisite showing has been made.[7]

Defendant asserts it has a substantial need for the witness statement of Ms. Stillman because it contains allegations of racial and sexual harassment endured by Plaintiffs and other employees during their respective employment at Medicalodges East. Plaintiffs identified Ms. Stillman in their Rule 26 disclosures as an individual likely to have discoverable information that they may use to support their claims. Defendant contends that the written statement of Ms. Stillman is its only readily available source of information on

---

[4] Fed. R. Civ. P. 26(b)(3)(A)(i)-(ii).

[5] *McCoo*, 192 F.R.D. at 684.

[6] *Id.*

[7] *Id.* (citing *In re San Juan Dupont Plaza Hotel Fire Litig.,* 859 F.2d 1007, 1019, 1021 (1st Cir. 1988)).

what Plaintiffs will use to support their claims.

The Court finds that Defendant has shown the importance of Ms. Stillman's witness statement to the preparation of its case. It argues the witness statement contains allegations of racial and sexual harassment endured by Plaintiffs and other employees during the employment of the respective witness at Medicalodges East. Plaintiffs have further identified Ms. Stillman in their Rule 26 disclosures as an individual likely to have discoverable information that they may use to support their claims. This bears similarity to the facts of *McCoo*,[8] where the Court found the party seeking discovery of witness statements had met the substantial need factor for the witness statements containing "a factual recitation of the alleged discriminatory incident as observed by each of them." The Court finds that Defendant has sufficiently shown that it has substantial need for the witness statement to prepare its defense of the case.

Defendant also argues that it cannot obtain the substantial equivalent of these witness statements by other means. Through Hatfield Process Service, Defendant attempted to serve Ms. Stillman with a subpoena for her noticed deposition. The process server was unable to serve Ms. Stillman because she moved away from her home in Independence, Kansas. Further attempts to locate Ms. Stillman where she may have relocated were unsuccessful. Defendant contends that unavailability of a witness satisfies the element that the party cannot obtain the substantial equivalent of the information.

---

[8]192 F.R.D. at 684.

The Court finds that Defendant has not met its burden to establish that it cannot obtain the substantial equivalent of the witness statement by other means. In *McCoo*, the court held that unavailability of a witness satisfies the element that the party is unable to obtain the substantial equivalent of the information.[9] In this case, however, the Court is not convinced that Ms. Stillman is unavailable. The affidavit of a representative of the process service company indicates the process server made one attempt to serve a subpoena on Ms. Stillman. In doing so, he learned she was in the process of moving to Horton, Kansas. The affidavit further states the process server then used "various internet search tools" in an attempt to locate a current address for Ms. Stillman, but was unable to locate such an address and discontinued attempting service of process.

The Court finds that these efforts of Defendant to locate Ms. Stillman do not suffice to show that she is unavailable. Horton is a small town in Brown County in northeastern Kansas. One can reasonably anticipate that further efforts to find the witness in Horton might indeed be productive. Defendant has not exhausted reasonable efforts to locate the witness. Sitting behind a computer and punching keys for an unidentified web site hardly

---

[9]*McCoo*, 192 F.R.D. at 684-85 (citing *Scurto v. Commonwealth Edison Co.*, No. 97 C 7508, 1999 WL 35311, at *2 (Jan. 11, 1999 N.D. Ill.) (party may obtain fact work product "only in 'rare situations' such as those involving witness unavailability") ; *United States v. Davis*, 131 F.R.D. 391, 395-96 (S.D.N.Y.1990) (statement discoverable where witness was "effectively unavailable" because in Greece); *McNulty v. Bally's Park Place, Inc.*, 120 F.R.D. 27, 30 (E.D. Pa. 1988) (statement from defendant's employee discoverable where plaintiff's efforts to reach him were "unavailing"); *Hanson v. Gartland S.S. Co.*, 34 F.R.D. 493, 495 (N.D. Ohio 1964) (statements of seamen who could not be found at address given by defendant subject to discovery); *Goldner v. Chicago & N. W. Ry. Sys.*, 13 F.R.D. 326, 329 (N.D. Ill. 1952) (statements discoverable if witnesses cannot be found or refuse to give information)).

satisfies a burden that calls for a reasonable effort to justify the invasion of work product. Defendant has not adequately shown an inability to obtain the substantial equivalent of the witness statement obtained by Plaintiffs from Ms. Stillman.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Witness Statement (doc. 220) is denied.

Dated in Kansas City, Kansas, this 22nd day of May, 2008.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

cc:     All counsel