**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

EVELYNE C. MCBRIDE,

           Plaintiff,

v.                                         Case No. 06-2535- JWL

MEDICALODGES, INC.,

           Defendant.
_____

DOROTHY ANN JOYNER,

           Plaintiff,

v.                                         Case No. 06-2536- JWL

MEDICALODGES, INC.,

           Defendant.
_____

TONETTE R. EALY,

           Plaintiff,

v.                                         Case No. 06-2538- JWL

MEDICALODGES, INC.,

           Defendant.

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiffs' Second Motion to Compel (doc. 237). The Court previously denied without prejudice Plaintiffs' earlier motion to compel Defendant's responses to Plaintiffs' Third Requests for Production (doc. 193) based upon Plaintiffs' failure to adequately confer. In their instant motion Plaintiffs advise the Court that the parties have engaged in additional efforts to resolve the disputed discovery and, as a result of those efforts, have narrowed their dispute

to Requests 131 and 132.[1]

Plaintiffs' Third Request No. 131 seeks "documents to or from any firm, individual or business entity that surveyed residents, families and/or employees . . . for purposes of charting levels of satisfaction with any aspect of Defendant's operations." Request No. 132 seeks documents relating to "surveys of residents, families, and employees done by Defendant or anyone acting on Defendant's behalf for purposes of tracking their levels of satisfaction with Defendant's care and services." Defendant initially objected to both discovery requests as temporally and geographically overbroad, unduly burdensome, and seeking irrelevant information.

Defendant states in its response brief to the motion that the only documents it possesses that may be responsive to Request Nos. 131 and 132 are the results of its "My Innerview" surveys. Beginning in 2006, a company provided Medicalodges with a service called "My Innerview." It conducts a blind survey of employees to determine their level of satisfaction with their jobs. It objects to producing the survey results because it contends the survey results are not reasonably calculated to lead to the discovery of admissible evidence and fall outside any reasonable temporal scope. Defendant further argues that the survey results themselves constitute inadmissible hearsay. It contends that, because the blind survey results do not disclose the names of employees who were surveyed, Plaintiffs cannot use the results for any purpose; the results will not lead Plaintiffs to the discovery of admissible evidence. Defendant also argues that the 2006 survey results fall outside any reasonable temporal scope because (1) the alleged harasser in this lawsuit was terminated in March 2005 and (2) the decision-maker for the termination ceased working at the Medicalodge East

---

[1]Plaintiffs advise the Court in their reply brief that their motion to compel Defendant to produce responsive documents to Request No. 109 is moot.

facility in August 2005.

Plaintiffs ask the Court to order Defendant to produce its "My Innerview" employee job satisfaction surveys as responsive to Requests 131 and 132. They argue that survey results involving the time periods when the administrator and regional vice president had responsibilities for the Medicalodge East facility are relevant and likely to lead to the discovery of admissible evidence. Plaintiffs point out that Plaintiff Ealy remains employed by Defendant and that the requested production should track her employment, especially because her claims of retaliation occurred as late as October and December 2005. Plaintiffs further argue that the assertion that any such discovery should be limited to the dates that Defendant employed the alleged harasser ignores the bigger issue of the failure of its administrator and its regional vice president to respond to employee complaints. Plaintiffs also assert that the argument of temporal overbreadth fails to address what time period employees may have been considering in their survey results. An employee who completes a survey in 2006, for example, might well refer to an event that occurred in 2005.

The Court declines to order Defendant to produce its "My Innerview" employee job satisfaction surveys. These surveys were conducted after the discrimination alleged in this case and after the alleged harasser and supervisor were no longer working at the Medicalodges East facility. Plaintiffs have not shown how the results of surveys to determine employee job satisfaction conducted by an outside vendor in 2006 and thereafter would be relevant to any of the claims or defenses in this case. All three Plaintiffs began their employment with Medicalodges East in 2003. Plaintiff McBride's employment was terminated on January 20, 2005. Plaintiff Joyner's employment was terminated on December 28, 2004. The individual who allegedly harassed Plaintiffs was the director of nursing at Medicalodges East from February 13, 2003 until his

employment was terminated on March 28, 2005.  The decision-maker in regard to Plaintiffs' terminations ceased working at the Medicalodge East facility in August 2005. Although Plaintiff Ealy continues to be employed with Defendant, her claims asserted in this case arise from conduct occurring in 2003 through 2005.  Based on the timing of the events giving rise to Plaintiffs' claims, the Court fails to see the relevance of employee surveys conducted in 2006 and later.  Plaintiffs' example of an employee completing the survey in 2006 referencing an event that occurred in 2005 is too speculative for the Court to order  Defendant to produce its 2006 and thereafter employee job satisfaction survey results.  The Court does not find that the request is reasonably calculated to lead to the discovery of admissible evidence within the meaning of Fed. R. Civ. P. 26(b)(1).  Plaintiffs' request to compel Defendant to produce its "My Innerview" employee job satisfaction surveys is therefore denied.

Plaintiffs also request the Court's order reflect that Defendant produce documents responsive to Request Nos. 106, 108, 111, 112, 115, 122, and 135, per the parties' agreement.  If it has not already done so, Defendant shall produce all documents it has agreed to produce in response to Requests for Production Nos. 106, 108, 111, 112, 115, 122, and 135.

**IT IS THEREFORE ORDERED** that Plaintiffs' Second Motion to Compel (doc. 237) is sustained in part and denied in part.  Plaintiffs' Second Motion to Compel Defendant to produce 2006 employee job satisfaction survey results as responsive to Request Nos. 131 and 132 is denied. Plaintiffs' request for an order compelling Defendant to produce all documents it previously agreed to produce in response to Plaintiffs' Request Nos. 106, 108, 111, 112, 115, 122, and 135 is sustained.  If it has not already produced these documents, Defendant shall produce all documents it previously agreed to produce in response to Plaintiffs' Request Nos. 106, 108, 111, 112, 115, 122, and 135

**within twenty (20) days of this Memorandum and Order.**

Dated in Kansas City, Kansas, this 13th day of June, 2008.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

cc:   All counsel