**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

EVELYNE C. MCBRIDE,

                Plaintiff,

v.                                                   Case No. 06-2535- JWL

MEDICALODGES, INC.,

                Defendant.
_____

DOROTHY ANN JOYNER,

                Plaintiff,

v.                                                   Case No. 06-2536- JWL

MEDICALODGES, INC.,

                Defendant.
_____

TONETTE R. EALY,

                  Plaintiff,

v.                                                   Case No. 06-2538- JWL

MEDICALODGES, INC.,

                Defendant.

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiffs' Fourth Motion to Compel (doc. 246). Plaintiffs discuss several discovery requests in their motion, including Request for Production Nos. 246, 235, 236, 242, 243, 211, 212 through 217, 218 through 222, 228, 232, and 241 and McBride Interrogatory No. 19. They state that they believe Defendant intends to provide information responsive to these discovery requests per the parties' meet and confer agreement, and they will withdraw their motion

to compel as to these requests once Defendant has complied and produced the documents. In their reply brief, Plaintiffs request that the Court order Defendant to fully respond to Request No. 246. As discussed below, the motion is sustained in part and denied in part.

Plaintiffs request that the Court compel Defendant to produce all documents responsive to their Request No. 246, which seeks training documents. Specifically, it asks "[i]f Defendant denies or gives any response other than an unqualified admission to Request for Admission Numbers 1, 2 and 3, provide all documents that discuss, mention, refer to or that were utilized in conjunction with, any such training." Defendant stated in its supplemental response to the request:

> Subject to and without waiving its objections, Defendant refers Plaintiffs to the following documents already produced: the Standards of Conduct, the Facility Personnel Policies and Procedures, Defendant's postings, and Defendant's orientation videotape. In addition, Julie Melvin discussed employee training at Medicalodges East during her deposition. Finally, Defendant produces documents which may be responsive identified by Bates Nos. A14956-A14961.

Plaintiffs complain that Defendant's production of a list of training films that it owns and has available for check-out by its various facilities is insufficient. They argue that there must be some additional documents responsive to this request, such as check-out lists, email correspondence requesting the films, logs of employees who saw the films, purchase orders and invoices showing when the training videotapes were purchased. If there are no such documents, it asks that Defendant state that none exist. Plaintiffs maintain that whether anyone has ever viewed these "training tapes" and whether Defendant keeps track of who views these "training tapes" is relevant to Defendant's affirmative defenses.

Defendant states in its response brief that it did not realize that Plaintiffs believed that additional documents exist that are responsive to Request No. 246. It states that if any additional documents exist, it will produce them. Plaintiffs' motion to compel Request No. 246 is therefore

sustained in part.  If it has not already done so, Defendant shall produce all documents in its possession, custody or control that are responsive to Request No. 246.  If no documents responsive to the request exist, then Defendant shall serve a supplemental response stating that no responsive documents exist.

Plaintiffs also request in their reply brief that the Court compel Defendant to produce all documents responsive to their Request No. 231, which seeks "[a]ll documents produced by Defendant or any law firm representing Defendant to the EEOC or to the Kansas Department of Human Resources in response to the charges filed by Plaintiffs."  Defendant's supplemental response to the request identified documents Bates Nos. A14962-A15017.

Plaintiffs acknowledge that Defendant supplemented this discovery request on April 22, 2008 by forwarding documents bearing Bates Nos. A14962-A15017.  Plaintiffs contend, however, that this production is not complete because they obtained documents from the EEOC which Defendant has not designated as responsive.  In support of their request, they reference as an example an April 7, 2004 email from Julie Melvin to Shawn Garbin regarding "Behavior."

Although Plaintiffs seek to have the Court resolve a suggested dispute as to Request No. 231, Plaintiffs fail to mention this request in their Fourth Motion to Compel.  The Court declines to consider a discovery request raised for the first time in the reply brief and not mentioned in the motion.  Defendant has not had the opportunity to address the relief requested by Plaintiffs as to Request No. 231.

**IT IS THEREFORE ORDERED** that Plaintiffs' Fourth Motion to Compel (doc. 246) is sustained in part and denied in part.  If it has not already done so, Defendant shall produce all documents in its possession, custody or control that are responsive to Request No. 246.  If no

documents responsive to the request exist, then Defendant shall serve a supplemental response stating that no responsive documents exist. Such production shall be completed **within ten (10) days of this Memorandum and Order**.

Dated in Kansas City, Kansas, this 18th day of June, 2008.

                                         s/ Gerald L. Rushfelt
                                         Gerald L. Rushfelt
                                         United States Magistrate Judge

cc:     All counsel