## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

EVELYNE C. MCBRIDE,

                         Plaintiff,

v.                                           Case No. 06-2535- JWL

MEDICALODGES, INC.,

                         Defendant.

_____

DOROTHY ANN JOYNER,

                         Plaintiff,

v.                                           Case No. 06-2536- JWL

MEDICALODGES, INC.,

                         Defendant.

_____

TONETTE R. EALY,

                         Plaintiff,

v.                                           Case No. 06-2538- JWL

MEDICALODGES, INC.,

                         Defendant.

## <u>MEMORANDUM AND ORDER</u>

Pending before the Court is Plaintiffs' Fifth Motion to Compel (doc. 321). Plaintiffs request that the Court compel Defendant to answer two interrogatories and produce documents responsive to a request for production. They also ask the Court to order Defendant to produce Julie Melvin-Duryee for completion of her deposition thirty days after Defendant "has fully complied with Plaintiffs' 30(b)(6) discovery." For the following reasons, the Court denies the motion.

I.      **Background Facts**

On October 4, 2007, Plaintiffs served their Notice of First Deposition of Defendant Medicalodges, Inc. pursuant to Fed. R. Civ. P. 30(b)(6). They served amended Rule 30(b)(6) notices of deposition on December 27, 2007, and January 4, 2008, setting the deposition for January 10 and 11, 2008. The notice of January 4, 2008 set forth 52 topics. On January 8, 2008, Defendant filed a motion for protective order to limit the scope of the discovery sought by the topics described in the notice.

On February 27, 2008, Plaintiffs served a Notice of Videotape Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) on four topics. On March 19, 2008, Defendant filed its Designation of Corporate Witness Pursuant to Fed. R. Civ. P. 30(b)(6). It designated Garen Cox to testify on its behalf as to topics 1 through 4 in the notice of February 27, 2008.

On April 11, 2008, the Court sustained in part and denied in part Defendant's motion for protective order as to the Rule 30(b)(6) notice served on January 4, 2008. The Court sustained Defendant's objections to six topics as overly broad and not limited to the Medicalodges East work unit of Plaintiffs. It further sustained objections of irrelevancy as to two topics about union activities. The Court otherwise denied the motion.

On July 8, 2008, Plaintiffs served their Amended Notice of Videotape Deposition Pursuant to Fed. R. Civ. P. 30(b)(6). The Notice set forth 48 topics as the subject matter of the deposition. They included the following topics, relevant to the present motion:

> No. 20      All Inservice training aimed at preventing discrimination, harassment, retaliation, given in any facility owned and/or operated by Defendant, at any time between 2000 and present.
>
> No. 34      Defendant's efforts to train employees and to develop and enforce policies and procedures aimed at educating employees to prevent

harassment and discrimination.

Defendant designated its Chief Executive Officer and General Counsel, Garen Cox, as its corporate representative and agreed to produce him for deposition on July 16, 2008.  According to Plaintiffs, at the start of the deposition Defendant withdrew Mr. Cox as to topics Nos. 20 and 34. Plaintiffs further allege that during the remainder of the deposition Mr. Cox denied knowledge or was unable to respond about other noticed topics.  Defendant contends that Plaintiffs indeed did interrogate the witness about those topics and that he provided relevant information.

On August 11, 2008, counsel for Plaintiffs contacted defense counsel by email to request that Defendant comply with their Rule 30(b)(6) notice.  Plaintiffs claimed that the July 16, 2008 deposition was unsatisfactory in that Defendant had failed to produce a knowledgeable representative who could properly respond to the topics contained in the notice.  Defendant announced that it would designate employees from its 37 individual facilities to testify about the respective inservice training conducted at such facilities.  In response, Plaintiffs offered a compromise against deposing each administrator of the individual facilities. They proposed they would not seek further discovery for the alleged failure of Defendant to respond fully to the Rule 30(b)(6) deposition, if it would answer two interrogatories and produce documents responsive to a request for production.  The proposed interrogatories and request are as follows:

> Interrogatory A:  List the training and inservice provided to Plaintiffs, Cindy Frakes, Julie Melvin and Shawn Garbin, including the following:
>
>> i. Date of the training
>> ii. Title of the Training
>> iii. Who Conducted the Training
>
> Interrogatory B:  Identify all "documents" (including videotapes) that were used in the training and inservice identified in Interrogatory A.

<u>Request for Production A</u>:  Produce the "documents" (including videotapes) identified in Interrogatory B.

Plaintiffs further requested that Defendant provide dates for the continued deposition of Julie Melvin-Duryee.

Defendant declined the proposal.  It argued that the testimony of its designated representative, Mr. Cox, sufficiently responded to the Rule 30(b)(6) topics.  It further contended that any deficiency resulted at the outset from the failure of Plaintiffs to provide reasonable specificity in the Rule 30(b)(6) notice.  Defendant also advised it could not produce Ms. Melvin-Duryee for further deposition because she is no longer an employee and has not agreed or authorized defense counsel to produce her for a second deposition.  Unable to resolve the dispute, Plaintiffs filed the instant Fifth Motion to Compel.

## II.    Relief Sought by the Motion

### A.    Compel Defendant to Respond to Interrogatories and Request for Production

Plaintiffs refer to no rule of procedure or statute to support their motion.  Fed. R. Civ. P. 37(a)(3) authorizes the Court to compel an answer to an interrogatory or production of requested documents.  This rule contemplates that the responding party, however, has failed to answer an interrogatory served under Rule 33 or has failed to respond to a request served under Rule 34.[1]

In this instance Plaintiffs did not serve their proposed interrogatories upon Defendant under Rule 33.  Nor did they serve their proposed request for production pursuant to Rule 34.  They merely proffered these procedures to Defendant as a compromise or substitute for pursuing one or more additional depositions, pursuant to Rule 30(b)(6).  By a prior notice the deposition(s) would have

---

[1]Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).

sought further discovery of a broad, generic nature, relating to overall, company-wide policies and procedures of Defendant for inservice and training of its employees over a period of seven and one-half years.  The interrogatories and request for production now proposed by their motion, however, seek discovery about what specific inservice and training was in fact provided to six named individuals, including Plaintiffs.  Conceivably the responses about generic policies could be the same as the instruction actually given to the individuals, but not necessarily so.  Applications of general rules can and indeed do vary with specific individuals.

The Court thus does not equate the newly requested discovery with what Plaintiffs previously sought by deposition under Rule 30(b)(6).  Although entitled a "Motion to Compel," the Court views it instead as a motion to re-open discovery on another topic, after abandoning further efforts on a different one.  Plaintiffs simply seek an end run around a discovery deadline that has long since passed.  This case is over two years old.  On April 11, 2008, the Court entered a Pretrial Order (doc. 225).  It provides, *inter alia,* that the discovery deadline ended March 17, 2008, with several exceptions.  Parties could pursue further discovery, of course, if they agreed to it.  On July 23, 2008, District Judge Lungstrum entered an Order (doc. 318) continuing the trial to June 2, 2009.  That Order further provides that: "No further discovery or motion practice will be permitted without leave of court to prevent manifest injustice except as specifically provided herein."  Plaintiffs have not demonstrated, and the Court does not now find, that manifest injustice would result from disallowing the discovery Plaintiffs now seek.  The parties have had adequate time for discovery.  For the foregoing reasons, the Court denies the motion to compel Defendant to respond to the proposed interrogatories and request for production.

### B.    Compel Defendant to Produce Julie Melvin-Duryee for Deposition

Case 2:06-cv-02535-JWL   Document 339   Filed 01/29/09   Page 6 of 9

Plaintiffs also ask the Court to order Defendant to produce Julie Melvin-Duryee for completion of her deposition. They request that she be produced thirty days after Defendant "has fully complied with Plaintiffs' Rule 30(b)(6) discovery." Ms. Melvin-Duryee was the facility administrator of Medicalodges East during the events giving rise to the claims of Plaintiffs. They deposed her for six hours on October 29, 2007.

On March 12, 2008, Plaintiffs moved for leave to complete the deposition of Ms. Melvin-Duryee (doc. 190). By Memorandum and Order dated April 16, 2008 (doc. 234), the Court sustained the motion. It ordered that "[w]ithin thirty (30) days of the date of this Order, the deposition of Ms. Melvin-Duryee may be reconvened at a mutually-agreeable date, time, and location."[2] The Court noted that she appeared to be a key player, directly involved in the claims of all three Plaintiffs, and was the person who apparently terminated the employment of Plaintiffs McBride and Joyner.[3] She allegedly received notice of numerous problems about the conduct of the person accused of harassment in these cases and claims to have investigated these complaints.[4]

On June 11, 2008, the Court granted an unopposed motion of Plaintiffs to extend the deadline to complete the deposition of Ms. Melvin-Duryee. It extended the deadline to ten days after Defendant had complied with its Order of May 2, 2008 for production of documents. The Court accepts the suggestions of Plaintiffs that the production was completed on August 25, 2008. By virtue of the Order of June 11, 2008, Plaintiffs then had until September 9, 2008, within which to resume the deposition of Ms. Melvin-Duryee. On August 27, 2008, they asked Defendant for a date

---

[2]*See McBride v. Medicalodges, Inc.*, Nos. 06-2535-JWL-GLR, 06-2536-JWL-GLR, 06-2538-JWL-GLR, 2008 WL 1774674, at *2 (D. Kan. Apr. 16, 2008).

[3]*Id.*

[4]*Id.*

-6-

for the deposition.   Defendant responded that it would not produce her for deposition.  Plaintiffs filed the instant motion to compel on September 5, 2008.

Plaintiffs contend that Defendant's refusal to produce Ms. Melvin-Duryee for deposition violated the Court's Order of June 11, 2008.  Defendant states it lacks the power or authority to produce the witness; inasmuch as she separated from its employ in September 2006.  It states she has neither agreed to further deposition nor authorized defense counsel to produce her.  Defendant further notes that Plaintiffs have neither served a further notice of deposition nor issued a subpoena to Ms. Melvin-Duryee for that purpose.

As the moving parties, Plaintiffs bear an initial burden to show they are entitled to the relief they seek.  That means they must show that Defendant indeed has a duty to produce the witness. The Court has reviewed the few pages of transcript from the earlier deposition of Ms. Melvin-Duryee.  It has also noted statements of counsel in their briefs.  From its review the Court cannot find that Defendant indeed has a duty to produce the witness.  Defense counsel may have produced her for her previous deposition, but the Court finds no evidence even to confirm that.  It finds nothing to indicate she was a witness, pursuant to Rule 30(b)(6).  Defense counsel did state at the deposition that, "She is a former management level employee.  I represent her interests in this matter at this deposition by reason of her former employment."  (Doc. 327, Exhibit C.)  The Court does not construe this statement, however, to mean that counsel acts as her attorney with a legal duty or power to produce her against her own wishes.  In its response to the motion, Defendant states that, "Medicalodges lacks the power or authority to 'produce' Julie Melvin-Duryee.  Ms. Duryee separated from Medicalodges in September 2006."  (Doc. 326, p.9.)  Plaintiffs do not deny or refute this in their reply memorandum.

For the foregoing reasons, the Court denies the motion to compel Defendant to produce Ms. Melvin-Duryee for her continued deposition.  The Court also finds, however, that in the interests of fairness and justice, its denial should not summarily end the opportunity for Plaintiffs to complete the deposition; if they choose to pursue it.  Given a trial date of June 2, the parties can complete the deposition upon the conditions earlier ordered.  Accordingly, the Court grants Plaintiffs additional time, fourteen (14) days from the date of this order, or until such later time to which the parties and witness may agree, within which to complete the deposition of Ms. Melvin-Duryee.  In no event, however, shall the deposition delay trial or any other procedure that the Court has previously ordered.  The deposition shall not exceed five hours in length.  Although finding no duty to produce the witness, the Court does direct Defendant and its counsel to cooperate with Plaintiffs and their counsel for the purpose of completing the deposition with as little difficulty as possible.  Such cooperation should include efforts as may be necessary to contact the witness, to disclose to counsel for Plaintiffs her current address and any phone number known to Defendant, preparatory to serving her with any notice or subpoena, and for further communication about arrangements for the deposition.

**IT IS THEREFORE ORDERED** that Plaintiffs' Fifth Motion to Compel (doc. 321) is denied, as set forth herein.

**IT IS FURTHER ORDERED** that Plaintiffs may complete the deposition of Julie Melvyn-Duryee within fourteen (14) days of the date of this order or within such further time to which the parties and the witness may agree, all as herein provided.

Dated in Kansas City, Kansas, this 29th day of January, 2009.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge